[No. 11190.   Department Two. — August 25, 1886.]

COUNTY OF YOLO, RESPONDENT, v. EDWARD KNIGHT ET AL. EDWARD KNIGHT, APPELLANT.

SUMMONS — PUBLICATION — AFFIDAVIT FOR — STATEMENT OF FACTS IN — JURISDICTION — JUDGMENT. — Under section 412 of the Code of Civil Procedure, an affidavit for the publication of summons against a non-resident defendant, in a case where the complaint is unverified, must state the facts showing the existence of a cause of action against the defendant, and that he is a necessary or proper party to the action; otherwise the court does not acquire jurisdiction of the defendant by reason

of the attempted service by publication, and a judgment by default founded thereon is void.

ID. — STATEMENT OF LEGAL CONCLUSION INSUFFICIENT. — In such a case, an affidavit which merely states that the plaintiff has a good cause of action against the defendant, and that he is a necessary and proper party defendant, is insufficient.

ID. — ACTION TO CONDEMN LAND — PUBLIC HIGHWAY — PROCEEDINGS BEFORE SUPERVISORS. — In an action to condemn land for a public highway, an affidavit for the publication of summons, where the complaint is unverified, must show that the proceedings before the board of supervisors have been had as provided in sections 2698 to 2708 of the Political Code.

ID. — APPEAL FROM JUDGMENT — RECITALS IN FINDINGS — DEFENDANT NOT CONCLUDED BY. — On an appeal from a judgment by default, rendered after an insufficient service of summons by publication, the defendant is not concluded by a recital in the findings that due proof had been made that the summons was legally served upon him, and his time for answering had expired.

ID. — PROOF OF SERVICE — CERTIFICATE OF NOTARY PUBLIC. — The service of a summons and complaint by a notary public must be proved by his affidavit; his mere certificate is insufficient.

APPEAL from a judgment of the Superior Court of Yolo County.

The facts are stated in the opinion.

*W. B. Treadwell,* for Appellant.

*J. Craig,* and *J. C. Ball,* for Respondent.

BELCHER, C. C.—This is an appeal from a judgment by default condemning certain land owned by the defendant, for the purposes of a public highway.

Only one question need be considered, and that relates to the jurisdiction of the court to enter the judgment.

When the complaint was filed the defendant was in England. A summons was issued, and returned by the sheriff, with his certificate that he had been unable to find the defendant in Yolo County. Thereupon the attorney for plaintiff made an affidavit, and upon it asked and obtained an order for the publication of the summons. The affidavit stated that the complaint had been filed, and a summons issued thereon; that the ac-

tion was brought for the purpose of acquiring the right of way for a public road and highway across and over the lands of the defendant; that the defendant was then residing at Sleaford, Lincolnshire, England; and then proceeded as follows:—

"That affiant is the attorney of record for said plaintiff, and is familiar with and knows the facts in this case; that the defendant E. Knight is the owner in fee of the lands sought to be taken in this action; that the plaintiff has a good cause of action in this suit against the said defendant, and that the said defendant E. Knight is a necessary and proper party defendant thereto."

The order directed the publication of the summons for the requisite time, and it was published accordingly. It also directed that a copy of the summons and complaint be forthwith deposited in the post-office, postpaid, directed to the defendant at his said place of residence; and this was done.

Was this affidavit sufficient to authorize the court or judge to make the order? If not, then there was a want of jurisdiction, and the order and publication were void.

The code provides that "where the person on whom the service is to be made resides out of the state, . . . . and the fact appears by affidavit to the satisfaction of the court or a judge thereof, and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order," etc. (Code Civ. Proc., sec. 412.)

In *Ricketson* v. *Richardson*, 26 Cal. 153, the court, speaking of the corresponding sections of the old practice act, says: "An affidavit which merely repeats the language or substance of the statute is not sufficient. Unavoidably the statute cannot go into details, but is compelled to content itself with a statement of the ultimate facts, which must be made to appear, leaving the

detail to be supplied by the affidavit from the facts and circumstances of the particular case. Between the statute and the affidavit there is a relation which is analogous to that existing between a pleading and the evidence which supports it. The ultimate facts of the statute must be proved, so to speak, by the affidavit, by showing the probatory facts upon which each ultimate fact depends. These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit. To illustrate: it is not sufficient to state generally that after due diligence the defendant cannot be found within the state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the acts constituting due diligence, or the fact showing that he is a necessary party, shall be stated. To hold that a bald repetition of the statute is sufficient is to strip the court or judge to whom the application is made of all judicial functions, and allow the party himself to determine in his own way the existence of jurisdictional facts, — a practice too dangerous to the rights of defendants to admit of judicial sanction. The ultimate facts stated in the statute are to be found, so to speak, by the court or judge from the probatory facts stated in the affidavit before the order for publication can be legally entered."

And in *Forbes* v. *Hyde*, 31 Cal. 352, the court, speaking upon the same subject, says: "The statute provides that 'when the person on whom service is to be made resides out of the state, . . . . and the facts shall appear by affidavit, . . . . and it shall in like manner appear that a cause of action exists against the defendant in respect to whom service is to be made, or that he is a necessary or proper party to the action, such court or judge may grant an order,' etc. The existence of a cause of action, etc., then, is also a jurisdictional fact which must appear '*in like manner*,' *that is to say, by affidavit.* The statute as clearly makes a cause of action as non-

residence a jurisdictional fact, and we can no more disregard the one than the other. If this fact does not appear by the affidavit upon which the order for publication was founded, then there was a want of jurisdiction, and the order and publication are void."

In this case, no facts are stated in the affidavit showing that the plaintiff had a cause of action against the defendant. It is true, it is stated that the action was brought for the purpose of acquiring the right of way for a road over land owned by the defendant; but before such an action can be brought, certain proceedings must be had before the board of supervisors, as provided in sections 2698 to 2708 of the Political Code.

These proceedings are conditions precedent to the right to maintain the action, and must be stated in the complaint and affidavit, or no cause of action is shown.

The statement in the affidavit that the plaintiff has a good cause of action against the defendant, and that the defendant is a necessary and proper party thereto, is a statement of opinion or belief, and not of facts. Unless a cause of action is stated, there can be no necessary or proper party thereto. There must be an existing cause of action against some one before any question of parties can arise. The rule is stated in *Ricketson* v. *Richardson, supra,* as follows: "It must appear from the affidavit . . . . that the plaintiff has a cause of action against him (the defendant), or that he has a cause of action to the complete determination of which he is a necessary or proper party."

Under the section of the code before quoted, it may be made to appear by the affidavit, or by the verified complaint on file, that a cause of action exists against the defendant. Here the complaint was not verified, and so the plaintiff is not aided by that.

The findings of the court recite that due proof had been made that the summons in the case had been legally served upon the defendant, and his time for answering

had expired.  But these recitals cannot aid the plaintiff. "In order to maintain a judgment when it is directly attacked, as in this case, by an appeal, it is requisite that the record should show that the court had jurisdiction of the person against whom the judgment was rendered, and that the judgment was warranted by the allegations of the pleadings of the party in whose favor it was rendered.  We refer only to the judgments on the merits.  In determining that question, recitals which may be found in the judgment cannot be regarded, for the question is, whether the record sustains the judgment. Such recitals, therefore, will not be accepted as a substitute for the summons and the proof of service." (*McKinlay* v. *Tuttle*, 42 Cal. 577.)

The record contains a certificate made by one Crosfield, a notary public, "duly authorized, admitted, and sworn," and attested by his official seal, that at a time after the order of publication was made, he personally served the defendant at Sleaford, in the county of Lincoln, in England, with a copy of the summons and complaint in the action.  To this certificate is attached a certificate by a vice-consul of the United States that "the signature subscribed and seal affixed to the notarial act hereunto annexed are the handwriting and official seal of Hy. C. Crosfield, a notary public of England, . . . . and that to the said act full faith and credit are due."

The code provides (Code Civ. Proc., sec. 412): "Proof of the service of summons and complaint must be as follows:—

"1.  If served by the sheriff, his certificate thereof;

"2.  If by any other person, his affidavit thereof."

As the attempted service in England is not shown by affidavit, it must be disregarded.

It follows that the judgment should be reversed and the cause remanded.

Searls, C., and Foote, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, judgment reversed and cause remanded.

Hearing in Bank denied.