[S. F. No. 2436.   Department Two.—January 28, 1903.]

## COLUMBIA SCREW COMPANY, Respondent, v. WARNER LOCK COMPANY, Appellant.

SUMMONS—SERVICE BY PUBLICATION—SHOWING OF CAUSE OF ACTION.— In order to support an order for the service of summons against a non-resident defendant by publication, it is essential to give the court jurisdiction that a cause of action be shown either by a properly verified complaint or by affidavit.

ID.—INSUFFICIENT AFFIDAVIT BY ATTORNEY—INFORMATION FROM PLAINTIFF—VOID ORDER AND PUBLICATION.—Where the complaint was not verified, an affidavit by an attorney for the plaintiff corporation, showing that all of the facts stated therein concerning the indebtedness sued upon are stated upon information received by him from the plaintiff, shows no cause of action, and the order of publication of summons and the publication based on such affidavit are void.

ID.—JUDGMENT NOT ENFORCEABLE—APPEAL—SPECIAL APPEARANCE.— The judgment based upon the void publication of summons should not be enforced in any manner, and will be reversed upon appeal. It was proper practice for the foreign corporation defendant to make a special appearance in the notice of appeal, "for the purpose of contesting the jurisdiction of the court over the person of the defendant."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Bahrs, Judge.

The facts are stated in the opinion.

Chickering, Thomas & Gregory, for Appellant.

The affidavit was fatally defective, owing to the qualification of information from the plaintiff. (*Harrison v. Beard,* 30 Kan. 532; *Ladenburg v. Commercial Bank,* 87 Hun, 269; 33 N. Y. Supp. 823; *Orr v. Currie,* 35 N. Y. Supp. 198; 14 Misc. Rep. 74; 25 Civ. Proc. Rep. 16.)

Naphtaly, Freidenrich & Ackerman, for Respondent.

The statutes of other states are not like ours, and it is sufficient in this state that an affidavit, like a verification, may be upon information and belief. (Code Civ. Proc., sec. 412.)   The court determined judicially that there was proof of a cause of action. (*Dusy v. Helm,* 59 Cal. 188.)

COOPER, C.—This appeal is from a default judgment. The defendant is a foreign corporation, and the sole question to be determined is as to the sufficiency of the affidavit to procure the order for publication of summons.

It is provided in the Code of Civil Procedure (sec. 412), in certain cases therein enumerated, upon the showing therein provided for, that the judge may make an order that the service of summons be made by publication where "it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made."

The service of a summons by publication is in derogation of the common law, and in order to obtain such constructive service, the statute must be substantially complied with and its mandates observed. (*Ricketson* v. *Richardson,* 26 Cal. 153.)

The existence of a cause of action against the defendant, sought to be served by publication, is a jurisdictional fact, which must be shown as provided in the statute before an order for publication of summons can be made; and if it does not so appear, the order for publication is void, and the service by publication falls with the order. (*Braly* v. *Seaman,* 30 Cal. 618; *County of Yolo* v. *Knight,* 70 Cal. 433.) This rule was apparently in the mind of court and counsel when the order was made, because it recites, "and it appearing to the satisfaction of the judge of this court that a good cause of action exists in favor of the plaintiff and against the defendant."

The statute provides the method, and the exclusive method, of showing that a cause of action exists. It must appear by affidavit or the verified complaint on file. The complaint in this case was not verified, and therefore the plaintiff undertook to show the existence of a cause of action by affidavit. The affidavit was made by plaintiff's attorney, and states that at the time of the commencement of the action "defendant was indebted to plaintiff in the sum of $646.90 for goods sold and delivered by said plaintiff to said defendant, at its special instance and request, within two years last past. . . . That at the time of the commencement of this action there was justly due and owing from defendant to plaintiff, on the cause of action set forth in the complaint, said sum

of $646.90, and no part of the same has been paid and the whole thereof is still past due and owing from defendant to plaintiff. . . . I further state that the matters and things hereinbefore alleged concerning the indebtedness of said defendant to plaintiff are stated upon information received by me from said plaintiff.''

It is self-evident that the last clause of the affidavit should be read with, and as qualifying, the statements quoted from the preceding part of the affidavit. It then amounts simply to an affidavit to the effect that plaintiff had given the attorney information upon which the statements were made. The attorney does not pretend to know the facts himself; he does not state what information he received from plaintiff, but that the statements are made upon information received from plaintiff. It is substantially the same as if the attorney had said ''plaintiff has told me that defendant was indebted to plaintiff in the sum of $646.90 for goods sold and delivered by said plaintiff to said defendant.'' If the plaintiff had relied upon the affidavit as a verified complaint, it would then clearly have been insufficient. The statute requires that in all cases of the verification of a pleading ''the affidavit of the party must state that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and as to those matters that he believes it to be true; and where a pleading is verified, it must be by the affidavit of a party, unless the parties are absent from the county where the attorney resides, or from some cause unable to verify it, or the facts are within the knowledge of his attorney or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he must set forth in the affidavit the reasons why it is not made by one of the parties. When a corporation is a party, the verification may be made by any officer thereof.'' (Code Civ. Proc., sec. 446.) The affidavit in this case does not state why it was not made by plaintiff or some officer thereof. It does not state that the facts were within the knowledge of affiant, but, on the contrary, shows that they were not within his knowledge, and; even then, there is no statement that he believed the ''matters' and things'' to be true. When the statute uses the words ''appears by affidavit,'' it means more than an affidavit as to what some one told the party making the affidavit. There

must be an oath to some fact at least. The facts set forth in the affidavit in this case might be false, and yet no one could claim that plaintiff or any of its agents or officers committed perjury. The attorney did not, if he received the information from plaintiff, as he says he did. An affidavit is defined by the code as a written declaration under oath. If we apply that test here, the order must fall. There is no written declaration under oath that a cause of action exists against the defendant. The written declaration is, that the matters and things concerning the indebtedness are stated upon information received from plaintiff. We are aware that all presumptions are in favor of the order for publication and of the sufficiency of the evidence to support it. We are also aware of the fact that valuable rights may be lost by setting aside the order; at the same time we are not at liberty to disregard the plain mandate of the statute. The affidavit was necessary, in order to give the court jurisdiction to make the order. In a proceeding against the defendant, without personal notice, it has the right to insist that the statute was not observed in substance. The statutory basis for the order must appear of record, or the order is void. The order being void, the attempted service by publication is void. It is not necessary to notice the many authorities cited, some of which are more or less in point as to the principle herein decided. Many of them depend upon the wording of the statute in the states where rendered, and hence are not of much use as authorities here. We are also of the opinion that the special appearance in the notice of appeal "for the purpose of contesting the jurisdiction of this court over the person of defendant" is sufficient, and in fact was the proper practice. Plaintiff cannot be allowed to take a judgment without service of summons, actual or constructive, and without appearance on the part of defendant, and enforce it as to attached property situate in this state. If the court had no jurisdiction of the person of defendant the judgment should not be enforced at all in any manner.

It follows that the judgment should be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed. McFarland, J., Henshaw, J., Lorigan, J.

Hearing in Bank denied.