[L. A. No. 2425.    Department One.—December 17, 1909.]

## In the Matter of the Estate of MILTON TAYLOR HANCOCK, Deceased.

FOREIGN JUDGMENT—ATTACK ON IN THIS STATE—EVIDENCE OF WANT OF JURISDICTION.—It is always open to the person against whom the judgment of a court of record of another state is attempted to be used in this state to show by evidence other than the record of the judgment, and even by evidence opposed to recitals contained in such record, that the court purporting to give the judgment was without jurisdiction either of the cause or of the parties.

ID.—EFFECT OF JUDGMENT.—If such lack of jurisdiction in one or the other of these respects is not made to appear, the judgment is as final and conclusive on collateral attack as would be a judgment of one of the superior courts of this state, but if such lack of jurisdiction is made to appear, the judgment must be regarded as a nullity.

ID.—COLORADO JUDGMENT—PUBLICATION OF SUMMONS—INSUFFICIENT AFFIDAVIT—ACTION FOR DIVORCE.—Under the statute of Colorado, authorizing service of summons by publication "when the person on whom the service is to be made resides out of the state . . . , and the fact shall appear by affidavit filed in the office of the clerk of the court in which the action is pending, and it shall in like manner appear that a cause of action exists against the defendant in respect to whom the service is to be made," the county court of that state does not acquire jurisdiction to order service by publication on a non-resident defendant in an action of divorce, in which the complaint was unverified, when the only affidavit filed in support of the order was that of the attorney for the plaintiff, and was merely to the effect that he is informed and believes that the plaintiff "has good cause of action," and that the defendant is a non-resident of Colorado, and that her last-known place of residence was a designated place outside of that state.

ID.—WANT OF JURISDICTION OF PERSON.—The order for publication made under such circumstances is ineffectual for any purpose, either on direct or collateral attack, and any attempted service made thereunder is insufficient to give the court jurisdiction over the person of the non-resident defendant.

ID.—SUFFICIENT SHOWING OF WANT OF JURISDICTION—RECORD OF FOR-
EIGN ACTION.—Where the exemplified copy of the record in the
Colorado action, certified to be "a true, perfect and complete copy
of all records, papers and files in said cause," and admitted in evi-
dence without objection on a trial in this state, establishes that the
only affidavit for publication filed in the cause was that of the
attorney, the want of jurisdiction of the Colorado court is sufficiently
shown, and this is so whether the affidavit for publication was a
part of the Colorado judgment-roll or not.

ID.—PREMATURE JUDGMENT BY DEFAULT.—In an action in which the
court had acquired jurisdiction of the defendant by a valid service,
the premature rendition of a judgment by default is not a defect
going to the jurisdiction.

ID.—ADJUDICATION OF STATUS OF WIDOWHOOD—GRANT OF ADMINISTRA-
TION.—The granting of letters of administration on the estate of a
deceased man, to a woman who subsequently, in proceedings to estab-
lish heirship in his estate, claimed to be his surviving wife, is not an
adjudication of her *status* as his widow, when it does not appear
that she based her claim to letters on the ground that she was his
surviving wife, or that any such issue was ever tendered to the court
for determination.

ID.—GRANT OF HOMESTEAD TO WOMAN AS SURVIVING WIFE.—The grant-
ing of an application by such woman for the setting apart of a
homestead from the estate of the deceased for the use of herself, as
surviving wife, and her children, which was not contested and in
which the question of her widowhood was never controverted, is not
a judicial determination as to her widowhood binding in all future
proceedings in the estate.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial in a
proceeding to determine heirship in the matter of the estate
of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Powers & Holland, for Appellants.

Tom C. Thornton, for Respondents.

ANGELLOTTI, J.—This is an appeal from a judgment
and an order denying a new trial in a proceeding instituted
under the provisions of section 1664 of the Code of Civil Pro-
cedure, in the matter of the estate of Milton Taylor Hancock,
deceased, to determine the "heirship to said deceased." By
the decree it was determined that the heirs at law of deceased

are his surviving wife and three minor children of said deceased and said surviving wife, all born prior to the year 1902, and Mollie Hancock McNatt, and John Philip Hancock, children of said deceased and Nancy Hancock, a former wife of deceased. This appeal is taken by the two last named heirs, their claim being that the deceased and the surviving wife were never husband and wife.

The deceased and Nancy Hiers Hancock were married in the state of Georgia in December, 1877. The issue of this marriage consisted of four children, the appellants, and two children who died in infancy. The husband and wife resided together in the state of Georgia for several years next succeeding the marriage. Mrs. Hancock resided in that state until the time of her death, June 18, 1902. The deceased left that state some time in the eighties. On June 22, 1886, deceased instituted an action for divorce from his wife in the county court of Bent County, state of Colorado, and this action resulted in a decree made by said court on August 19, 1886, purporting to dissolve the marriage. On August 31, 1886, deceased and the respondent surviving wife obtained a license to intermarry and under this license their marriage was thereupon solemnized by a clergyman in Prescott, state of Arkansas. They lived together as husband and wife at various places of residence from that time until deceased died. His death occurred on July 20, 1905, at which time he was residing in the county of Los Angeles, in this state, with his surviving wife and their three children.

Appellants' claim is that the Colorado divorce decree was void and ineffectual for any purpose, with the result that Nancy Hiers Hancock continued to be the wife of deceased to the time of her death in the year 1902. It is not claimed by counsel for appellants that this condition in any way affected the legitimacy of the children of deceased and the second wife (see Civ. Code, sec. 84), but simply that it excludes the alleged surviving wife from participating in the estate of deceased. · The trial court found that the deceased and his wife "were divorced" by said decree of the Colorado county court. The findings do not show the date of death of the first wife or that she died before deceased. In the present condition of the record, we deem the finding that the deceased and Nancy Hancock were divorced by the Colorado

decree essential to the judgment, and if it be not sustained by the evidence, as is claimed by appellants, the judgment must be reversed.

The county court of Bent County, Colorado, was, under the express terms of the constitution of Colorado, a court of record, and any judgment given by it is entitled to the benefit of the presumption that it was authorized by law (see 2 Freeman on Judgments, sec. 565), provided, however, it may be assumed, the jurisdiction of the court in matters of divorce is shown. (1 Nelson on Marriage and Divorce, sec. 19.) A judgment of a court of record of another state differs in its conclusive effect from a judgment of a court of record of this state in one material respect, viz.: that it is always open to the person against whom the judgment is attempted to be used to show by evidence other than the record of the judgment, and even by evidence opposed to recitals contained in such record, that the court purporting to give the judgment was without jurisdiction either of the cause or of the parties. If such lack of jurisdiction in one or the other of these respects is not made to appear, the judgment is as final and conclusive on collateral attack as would be a judgment of one of our own superior courts, but if such lack of jurisdiction is made to appear, the judgment must be regarded as a nullity. (See 2 Freeman on Judgments, sec. 563; *Thompson* v. *Whitman*, 18 Wall. 457; *In re James*, 99 Cal. 377, [37 Am. St. Rep. 60, 33 Pac. 1122]; *Greenzweig* v. *Strelinger*, 103 Cal. 278, [37 Pac. 398]; Code Civ. Proc., sec. 1916.) It was said in the James case cited above: "We agree with appellant that it is competent to collaterally impeach the record of a judgment rendered in another state by extrinsic evidence showing that the facts necessary to give the court pronouncing it jurisdiction to proceed, did not exist; and this is true although the record sought to be impeached may recite the existence of such jurisdictional facts."

The question before us, then, is whether or not it was affirmatively made to appear that the Colorado court was without jurisdiction of the cause or the parties.

By the laws of the state of Colorado, the county courts were given jurisdiction concurrent with that of the district courts, in certain classes of actions for divorce, and we shall assume

for the purposes of this decision that the record of the divorce action instituted by deceased against his first wife showed that the action was one which, under the terms of the statute, was within the jurisdiction of a county court. We shall further assume for the purposes of this decision that the trial court was sufficiently warranted in concluding, in accord with the allegation in the divorce complaint and the finding of the Colorado court, that deceased was a resident of the state of Colorado at the time of the commencement of his action and had been such a resident for one year prior to that time as required by the laws of that state, though it must be conceded that the evidence introduced in the superior court on the trial of this contest (see *In re James,* 99 Cal. 377, [37 Am. St. Rep. 60, 33 Pac. 1122]), indicates very strongly that deceased was never a resident of that state.

Assuming all this, we are nevertheless unable to see how, in view of the evidence introduced on this trial, it can be held that the Colorado court ever obtained jurisdiction as to the defendant in the divorce action.

An exemplified record of the divorce proceedings was introduced in evidence by the appellants, with the express consent of respondents, duly certified to be "a true, perfect and complete copy of all records, papers and files in said cause." It appears therefrom that the complaint was unverified, and that the judgment rests entirely upon an attempted constructive service by publication of summons. The statute of Colorado authorized service of summons by publication "when the person on whom the service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state or conceals himself to avoid the service of summons, and *the fact shall appear by affidavit filed in the office of the clerk of the court in which the action is pending, and it shall in like manner appear that a cause of action exists* against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action." (The italics are ours.) It will be observed that this statute is practically the same as ours, except that the filed affidavit is required by the Colorado law to show the essential facts, while our statute allows the *verified* complaint on file to show the existence of a cause of

action. The evidence shows that the only affidavit for publication was one filed at the time of filing the complaint and which was as follows:—

"State of Colorado, County of Bent. In County Court.

"Milton T. Hancock v. Nancy Hancock.

"John W. Jay, being duly sworn on oath says that as he is informed and verily believes the plaintiff on the above-entitled cause has good cause of action and that the defendant is a non-resident of the State of Colorado, and that her last-known place of residence was Boston, Georgia, and that he makes this affidavit for the reason that the plaintiff is absent from the county at the present time.

"JOHN W. JAY, Atty. for Plaintiff.

"Subscribed and sworn to before me this 22nd day of June, A. D., 1886. JOSEPH BRADFORD, Judge."

An order that service be made by publication of summons was made on the same day, and the affidavit of publication shows publication of a summons not purporting to be signed by the clerk of the court or under seal of the court, as was required by the Colorado law, but only signed by plaintiff's attorney, and not complying with the requirements of the Colorado law in its statement of the time within which the defendant must appear, in the Los Animas *Leader,* a weekly newspaper, on June 25, July 2, 9, and 16, 1886. On August 17, 1886, the defendant's default for not answering was entered and on August 19, 1886, judgment of divorce, based on said default, was entered.

There can be no doubt under our decisions that the affidavit for publication hereinbefore set forth, which upon the record before us must be taken as being the only affidavit presented in support of the order of publication, was insufficient to give the county court of Bent County, Colorado, jurisdiction to order service on the non-resident defendant by publication, and it does not appear that the Colorado supreme court has been less mindful than this court of the necessity of requiring compliance with every material requirement of the statute of Colorado relative to such service. In *O'Rear* v. *Lazarus,* 8 Colo. 608, [9 Pac. 621], that court, speaking of an attempted constructive service by publication, said: "This method of

obtaining service is in derogation of the common law; consequently the proposition is universally recognized that every material requirement of the statute in relation thereto must be strictly complied with." Speaking of our own law as to publication of summons, this court said in *Ricketson* v. *Richardson,* 26 Cal. 152: "Those sections are in derogation of the common law, and must be strictly pursued in order to give the court jurisdiction over the person of defendant. A failure to comply with the rule thus prescribed in any particular is fatal where it is not cured by an appearance." It is established by our decisions that it must be made to appear by the affidavit for publication or by the verified complaint on file that a cause of action exists in favor of the plaintiff, and that if this is not so made to appear the court is without jurisdiction to make any order for publication, and any order made under such circumstances is ineffectual for any purpose and any attempted service made thereunder is insufficient to give the court jurisdiction over the person of the defendant. As we have seen, the Colorado statute required this to be shown exclusively by the affidavit filed with the clerk of the court. It is further established that a statement such as that the plaintiff "has good cause of action" is not sufficient. Such a statement is nothing more than the mere opinion of the party as to the effect of the facts upon which he relies as constituting a cause of action. As said in *Forbes* v. *Hyde,* 31 Cal. 353, "It is merely the statement of the opinion of the witness in relation to a point upon which the judge is required to form his own opinion upon facts which must appear by affidavit. . . . Facts are the proper and only proper subjects to be set out in affidavits under the provisions of the statute to serve as the basis of judicial action. The affiant's general expression of opinion or belief, without the facts upon which it is founded, is in no sense legal evidence, and does not tend in any degree to prove the jurisdictional facts without which the judge had no authority to make the order." Upon the propositions we have stated, the following cases are in point: *Ricketson* v. *Richardson,* 26 Cal. 149; *Braly* v. *Seaman,* 30 Cal. 610; *Forbes* v. *Hyde,* 31 Cal. 342; *County of Yolo* v. *Knight,* 70 Cal. 431, [11 Pac. 662]; *Columbia etc. Co.* v. *Warner etc. Co.,* 138 Cal. 445, [71 Pac. 498]. In some of

these cases the attack on the judgment was direct, being
made on appeal from the judgment, but in all the defect
was recognized as jurisdictional. In two, *Braly* v. *Seaman*
and *Forbes* v. *Hyde*, the attack was collateral. In *Ricketson*
v. *Richardson*, *Forbes* v. *Hyde* and *County of Yolo* v. *Knight*
it is expressly held that an affidavit which merely repeats the
language or substance of the statute as to the existence of a
cause of action is not sufficient, and in *Columbia etc. Co.* v.
*Warner etc. Co.*, the rule as to the essentials in the matter
of a showing of a cause of action is clearly set forth.

As we have seen, all that the affiant in this case said in this
regard was, that as he was informed and verily believes,
the plaintiff "has good cause of action," and upon this state-
ment of opinion and without the sworn testimony of any one,
in complaint or elsewhere, as to a single fact essential to a
cause of action, the order for publication was made. We do
not believe that a decision can anywhere be found sustaining
a judgment against a non-resident defendant based upon such
a constructive service by publication, where the defect in the
showing for publication was legally made to appear. Were
we dealing with the judgment of a court of record of this
state such a defect could be legally made to appear, of course,
only on the face of the record, the judgment-roll, as is fully
shown by such cases as *Hahn* v. *Kelly*, 34 Cal. 391, [94 Am.
Dec. 742] ; *People* v. *Davis*, 143 Cal. 673, [77 Pac. 651] ; *Estate
of McNeil*, 155 Cal. 333, [100 Pac. 1086], and as shown in
such cases recital in such a judgment of due service is some-
times effectual as against an affidavit contained in the judg-
ment-roll showing an ineffectual attempt at service, the pre-
sumption consistently obtaining in favor of the recital in the
judgment that other showing of proper service had been
made to the court. It is also true that were this a judgment
of a court of this state, it could not be held by us to be void
*on its face* because of the insufficiency of the affidavit for pub-
lication, for the reason that at the time it was rendered the
affidavit for publication constituted no part of the judgment-
roll (see *Estate of McNeil*, 155 Cal. 333, [100 Pac. 1086]),
and in the absence of evidence to the contrary this was pre-
sumably the law of Colorado at that time. We are not deal-
ing, however, with a judgment of one of our own courts, but

with a judgment of a court of another state, and this, as we have seen, makes a material difference. It was open to any party assailing the judgment collaterally to show by evidence *aliunde* the record of the judgment, and even in direct contradiction of recitals therein contained, facts establishing the want of jurisdiction of the court rendering it. Whether the affidavit for publication was a part of the Colorado judgment-roll or not, the evidence received without objection and by express consent of respondents established that the only affidavit for publication filed in the cause was the one that we have discussed. The record so received was certified to be "a true, perfect and complete copy of all records, papers and files in said cause heretofore tried," etc. We are forced to conclude that the service of summons by publication based on this affidavit was ineffectual for any purpose, and that the Colorado court never acquired jurisdiction as to the defendant. It follows that the finding of the trial court in this proceeding to the effect that the parties were divorced by the Colorado decree was not sustained by the evidence.

Other points are made by appellants against the validity of this decree. The summons published did not comply with the Colorado law in some very material respects, but it is not necessary to determine whether the defects were such as to render the judgment void on collateral attack. The judgment was prematurely given, but it was given after the court would have acquired jurisdiction had the service been valid, and the defect in this respect was consequently one that does not go to the jurisdiction. In view of our conclusion as to the insufficiency of the affidavit it is unnecessary to determine definitely as to any of the other points made against the judgment.

The record on this appeal does not show that the question who is the surviving wife of deceased was adjudicated by the superior court in granting letters of administration in this estate, and the question as to the effect of such an adjudication in subsequent proceedings in the matter of the estate is, therefore, not presented. It is shown that the alleged surviving wife was appointed administratrix, but it nowhere appears that she based her claim to letters on the ground that she was the surviving wife, or that any such issue was ever

tendered or presented to the court for determination. It is admitted by the pleadings that she subsequently presented her petition for the setting apart of a homestead for the use of herself, as surviving wife, and her children, and that the probate court granted such application and set apart certain real property as a homestead for the use of the family of the deceased, but it does not appear that there was any adverse appearance or contest on this application, or that the question of widowhood was ever controverted. The conclusive effect of this order, which was not appealed from, may be conceded as to the property so set apart, but we do not see how it can be held to operate, if the question of widowhood was never controverted, as a judicial determination as to widowhood binding in all future proceedings in the estate. (See *Estate of Harrington,* 147 Cal. 124, [109 Am. St. Rep. 118, 81 Pac. 546]; *Estate of Nolan,* 145 Cal. 559, [79 Pac. 428]; *Howell v. Budd,* 91 Cal. 342, [27 Pac. 747].)

It has been assumed by respective counsel that appellants, the surviving children of the first wife, are entitled to assail collaterally the Colorado decree of divorce after the death of both of the parties thereto, notwithstanding that the validity of the second marriage was never questioned by either of the parties thereto or by the first wife, and that the first wife died prior to the death of deceased, and we have here accepted that assumption as well founded, as, indeed, it may be. As that question has not been discussed and as there may be some doubt of the right of appellants under the circumstances stated to now assert the invalidity of the second marriage, we deem it proper to declare that this opinion shall not be taken as establishing the law of the case thereon. As we have seen, this question is not squarely presented by the findings, as it does not appear therefrom that the first wife died prior to the death of deceased.

The judgment and order appealed from are reversed.

Shaw, J., and Sloss, J., concurred.