[Sac. No. 1780. Department Two.—December 27, 1910.]

THE PEOPLE, Appellant, v. PATRICK MULCAHY, Defendant, and JAMES T. HILL et al., Respondents.

JUDGMENT BY DEFAULT—JUDGMENT-ROLL—AFFIDAVIT AND ORDER FOR PUBLICATION OF SUMMONS.—Since the amendment of 1895 to subdivision 1 of section 670 of the Code of Civil Procedure, in determining whether or not the invalidity of a judgment by default based upon a service of summons by publication is apparent from an inspection of the judgment-roll, the affidavit for the publication of summons and the order directing publication may be considered.

ID.—UNVERIFIED COMPLAINT — CONTENTS OF AFFIDAVIT — SHOWING OF CAUSE OF ACTION.—Under section 412 of the Code of Civil Procedure, an affidavit for the publication of summons in an action in which the complaint is not verified must state probative facts from which the court can ultimately conclude that a cause of action against the defendant exists and that he is a necessary and proper party. The amendment of 1895 to that section has not changed this rule with respect to an action by the state to foreclose the interest of a purchaser of school lands and to cancel his certificate of purchase.

ID.—ACTION IN INVITUM.—Actions of such character are *in invitum* and strict compliance with the statute is necessary.

APPEAL from an order of the Superior Court of Placer County setting aside a default judgment. Henry C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

M. W. McIntosh, and Charles A. Tuttle, for Appellant.

Chauncey H. Dunn, J. D. Meredith, and J. B. Landis, for Respondents.

MELVIN, J.—Appeal from an order setting aside a default judgment. In August, 1899, the district attorney of Placer County filed a complaint to foreclose the interest of Patrick Mulcahy in certain school lands and to cancel his certificate of purchase. The summons was served by publication and upon default of the defendant a decree of foreclosure was made and entered on December 4, 1899. On June 14, 1909, James T. and Theodore F. Hill as grantees by mesne con-

veyances from said Patrick Mulcahy gave notice of motion
to vacate the judgment and after due hearing the motion
was granted July 14, 1909. The material part of the court's
finding was as follows:—

"That said judgment in said action is null and void on its
face, and that the court never acquired jurisdiction over the
person of defendant. That no service of summons, either
actual or constructive, was ever made upon the defendant."

Appellant contends that the judgment is not void upon
its face and that therefore the court had no power to consider
the affidavit of James T. Hill (one of the petitioners), the
relief not having been demanded within the time limited by
section 473 of the Code of Civil Procedure. (Citing *People* v.
*Davis*, 143 Cal. 675, [77 Pac. 651].) There can be no doubt
of the correctness of the rule announced in the above-cited
case, and it, therefore, becomes our duty to scan the judgment-
roll and to see whether or not invalidity of the judgment is
apparent from an inspection thereof.

This case differs from *People* v. *Davis*, 143 Cal. 675, [77
Pac. 651], in the fact that subdivision 1 of section 670 of the
Code of Civil Procedure is applicable here as it has stood since
the amendment of 1895 and we are permitted to consider the
affidavit for the publication of summons and the order direct-
ing publication.

The only important problem in this case arises over the
interpretation of section 412 of the Code of Civil Procedure.
The respondent contends that, under the requirements of this
section, it must appear by affidavit or by the *verified* com-
plaint on file that a cause of action exists against defendant,
or that he is a necessary or proper party to the action. The
complaint is not verified. The affidavit of the district attor-
ney upon which the order for publication of summons was
based stated substantially that he was acquainted with the
facts of the case and verily believed that plaintiff was entitled
to the relief sought and that Mulcahy was a necessary and
proper party defendant. He did not affirm directly or on
information and belief that the facts alleged in the complaint
were true. Respondent contends that the affidavit in order
to be effective must state probative facts from which the court
could ultimately conclude that a cause of action against de-
fendant exists and that he is a necessary and proper party.

(Citing *County of Yolo* v. *Knight,* 70 Cal. 431, [11 Pac. 662], and *Columbia Screw Co.* v. *Warner Lock Co.,* 138 Cal. 446, [71 Pac. 498].) These cases undoubtedly sustain respondents' theory. Appellant contends that the amendment of 1895 to section 412 of the Code of Civil Procedure changed the pre-existing rule and dispensed with the necessity of having a verified complaint in certain classes of cases. The material portion of that section is as follows:—

"Where the person on whom service is to be made resides out of the state; or has departed from the state; or cannot, after due diligence, be found within the state; or conceals himself to avoid the service of summons; or is a foreign corporation having no managing or business agent, cashier or secretary within the state, and the fact appears by affidavit to the satisfaction of the court or a judge thereof; and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action; or when it appears by such affidavit, or by the complaint on file therein, that it is an action which relates to or the subject of which is real or personal property in this state, in which such person defendant or foreign corporation defendant has or claims a lien or interest, actual or contingent, therein, or in which the relief demanded consists wholly or in part in excluding such person or foreign corporation from any interest therein, such court or judge may make an order that the service be made by the publication of the summons; . . ."

The position of the appellant is that the words "the complaint on file herein" contained in that part of the section which was adopted in 1895 dispenses with the necessity of verification of the complaint in cases like the one here considered because in the preceding clause the words "the *verified* complaint on file" are used. We cannot agree with this. The filing of a *verified* complaint (in the absence of a sufficient affidavit) is contemplated in the other parts of the section and when the reference of the statute is to "the complaint on file herein," evidently such *verified* complaint was in the contemplation of the legislature. There is no good reason why some sort of verification should be required in one class of cases and none in an equally important kind of actions.

The word "herein" used in the statute, although awkwardly employed, indicates that reference was intended to the sort of complaint mentioned elsewhere in the section.

Actions of this sort are *in invitum* and strict compliance with the statute is necessary. (*Columbia Screw Co.* v. *Warner Lock Co.*, 138 Cal. 446, [71 Pac. 498].) As we have seen, the statute was not closely followed in the requirement that the facts necessary to establish a cause of action should be alleged by a *verified* instrument—the complaint or the affidavit. This appears upon the face of the judgment, that is to say, in the judgment-roll itself. It follows that the order of the court setting aside the judgment was properly made. This conclusion makes it unnecessary to discuss the other points mentioned in the briefs.

The order is affirmed.

Lorigan, J., and Henshaw, J., concurred.