[Civ. No. 1308.   Third Appellate District.—November 19, 1914.]

## ANTONIO F. LIMA, Respondent, v. ISABEL F. LIMA, Appellant.

SUMMONS—SUBSTITUTED SERVICE—STRICT COMPLIANCE WITH STATUTE NECESSARY—JURISDICTION.—The rule is well settled that substituted service of summons, being purely of statutory origin and in derogation of the common law, can be made effectual only by a substantially strict observance of the terms of the statute authorizing it. If, therefore, there has not been such a compliance with the statute, the service is void and the court fails to acquire jurisdiction of the person of the defendant and is for that reason without jurisdiction to render and enter judgment against him in the action in which such summons has been issued.

ID.—CONSTRUCTION OF SECTION 412, CODE CIVIL PROCEDURE—ESSENTIAL PREREQUISITES TO JURISDICTION—SHOWING OF CAUSE OF ACTION BY AFFIDAVIT OR VERIFIED COMPLAINT.—Section 412 of the Code of Civil Procedure is the source of authority in this state for substituted service of summons or service thereof by publication; and one of the essential prerequisites to conferring upon the court authority or jurisdiction to make an order for the publication of summons is a showing, either by a verified complaint that has been filed, or by an affidavit, that a cause of action exists against the defendant in respect to whom the service is to be made, and in the absence of such a showing by either of the modes prescribed by said section an order for publication is without jurisdiction and is nugatory and void, and a judgment rendered on a publication of summons made in pursuance thereof is *coram non judice* and void *ab initio*.

ID.—ACTION FOR DIVORCE—CHARGE OF ADULTERY—UNVERIFIED COMPLAINT—INSUFFICIENT AFFIDAVIT FOR PUBLICATION OF SUMMONS.—

In an action for divorce, although the complaint confessedly states a cause of action upon the ground of adultery, where it is unverified, the court is unauthorized to make an order for the publication of summons upon it; and an affidavit for publication of summons in such a case is insufficient in failing to show that plaintiff has a good cause of action where, after alleging that the suit had been instituted, that defendant had, previously to the filing of the complaint, departed from the state of California and that her whereabouts were then unknown and could not after due diligence be ascertained, the affidavit proceeds: "I have fully and fairly stated the facts of this case to R. B. Tappan, whose office is at the northeast corner of Santa Clara Avenue in the city of Alameda in said county and state, who is my counsel, and I am by him informed and I verily believe that I have a good cause of action in this suit against the said defendant, as will fully appear by my complaint now on file herein, to which reference is hereby made and the said defendant, Isabel F. Lima is a necessary and proper party defendant thereto, as I am advised by my said counsel, after such statement made as aforesaid and as I verily believe."

ID.—INSUFFICIENCY OF AFFIDAVIT—INEFFECTUAL REFEFENCE TO COMPLAINT—CONCLUSION OF AFFIANT.—Such affidavit does not either make the complaint a part of it, nor does the affiant either expressly or upon information and belief declare that the facts alleged in the complaint are true. The statement that plaintiff is advised by his counsel and that he "verily believes" he has a good cause of action is only a conclusion of the affiant or his attorney upon whose advice in that regard he relies. Nor does the mere fact that in the affidavit plaintiff refers to the complaint on file measure up to the requirement of the statute that it must be made to *appear* by the affidavit (in the absence of a verified complaint showing the fact) that "a cause of action exists against the defendant in respect to whom the service is to be made," for such reference is to an unverified complaint, and to hold this to be sufficient would simply be to say that the essentially jurisdictional fact of the existence of the cause of action in favor of plaintiff may be found by the court from ultimate facts not sworn to by plaintiff or his attorney, which practice is clearly not contemplated by the statute.

ID.—CONSTRUCTION OF SECTION 412, CODE CIVIL PROCEDURE—STATEMENT OF CAUSE OF ACTION—AVERMENT OF ULTIMATE OR PROBATIVE FACTS ESSENTIAL.—Section 412 of the Code of Civil Procedure means that the ultimate facts alleged in a verified complaint, if they state a cause of action, are sufficient to vest in the court the jurisdiction to make an order for the publication of a summons; but that, where the complaint is not verified and an affidavit is relied upon, the latter instrument must, within the real contemplation of said section, state probative facts from which the court may infer the fact of the existence of a cause of action in favor of the plaintiff. If, however, the averment of ultimate facts in an affi-

davit might rationally be held to be a compliance with the mandates of the statute, such facts, so stated, must, equally with the complaint, clearly disclose the statement of a cause of action in favor of the plaintiff.

ID.—COLUMBUS SCREW COMPANY V. WARNER LOCK COMPANY—COMPARISON WITH CASE AT BAR.—The case of *Columbus Screw Company* v. *Warner Lock Company*, 138 Cal. 446, cannot be differentiated from the case at bar upon the proposition that in that case the affidavit was by the attorney for the plaintiff, whereas, in the present case, the affidavit is by the plaintiff himself, for in that case, although the affidavit alleged facts sufficient to disclose that a cause of action existed in favor of the plaintiff its force was destroyed by an allegation which showed that the affiant stated the facts upon information received from his client, and the affidavit was held insufficient for this reason and not because it was made by the attorney instead of the party.

ID.—DEATH OF PARTY TO DIVORCE SUIT—PURPOSE FOR WHICH ACTION SURVIVES.—While it is true that the effect of the death of one of the parties to a divorce suit, whose sole and only object is to sever the matrimonial bonds existing between them, is to extinguish the action and the cause of action, and it is also true that the settlement of the property rights between the parties is regarded merely as an incident of every decree for divorce, where there is any property involved, it is equally true that, when, in a divorce action, the property rights of the parties are adjusted and settled by the court, the legal result is that the decree adjudicates the question of such property rights as effectually and definitively as though such question was the paramount object of the action, and the death of one of the parties to such an action will not operate-to abate the action so that it cannot be revived and re-opened, if proceedings to that end be properly instituted, for the purpose of determining whether the court erred in its adjudication of such property rights.

ID.—INSUFFICIENT AFFIDAVIT FOR PUBLICATION OF SUMMONS—LACK OF JURISDICTION—VOID JUDGMENT.—In such a case, where the affidavit for the publication of summons was insufficient in failing to show that a cause of action existed in favor of the plaintiff, and the complaint was unverified, the court was wholly without jurisdiction to make the order for the publication of summons, and consequently, all the proceedings thereafter had in the cause and depending upon said order for the publication of the summons were likewise beyond the jurisdiction of the court and void, and such case is not one where there is mere error of judgment, but no defect of jurisdiction.

APPEAL from orders of the Superior Court of Alameda County refusing to vacate an order for the publication of summons and also refusing to vacate a judgment.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

Gonsalves & Keller, for Appellant.

R. B. Tappan, for Respondent.

Gehring & Wyman, *Amici Curiae.*

HART, J.—On the twenty-first day of June, 1909, Antonio F. Lima instituted this suit for a divorce against his wife, Isabel F. Lima, in the superior court of Alameda County. The complaint, which was not verified, alleged that the defendant had been guilty, on divers occasions, one of which is specifically stated, of acts of adultery with one Manuel Drack, and further alleged that she "is now living and cohabitating with the said Manuel Drack, the place where being unknown to this plaintiff."

The complaint declared that the plaintiff and the defendant were the owners of certain real estate, which was community property, situate in the county of Alameda, the same consisting of several town lots in Brooklyn township of said county, and being specifically described in the complaint.

The prayer of the complaint was for a decree dissolving the bonds of matrimony existing between the parties and assigning, setting over, and awarding to the plaintiff all the community property described in the complaint.

Service of summons was attempted by publication, and, the defendant having failed to make any appearance within the time prescribed by law in such cases, her default was thereupon entered. On the twenty-seventh day of October, 1909, and after due proceedings, an interlocutory decree was made and entered, declaring the plaintiff to be entitled to a decree of divorce against the defendant on the ground of adultery and assigning, distributing, and awarding to the plaintiff the community property described in the complaint. On the thirty-first day of October, 1910, a final decree granting plaintiff a divorce and awarding to him the community property referred to in the complaint was rendered and was filed on the first day of November, 1910.

On the nineteenth day of December, 1912, the defendant filed and served upon R. B. Tappan, Esq., attorney for the plaintiff, a notice of motion "to set aside the judgment heretofore rendered herein, upon the ground that said court never

acquired and never had jurisdiction of the subject-matter of this action or of the person of the defendant herein.'' Said motion having been duly heard by the court, the same was denied, on the tenth day of January, 1913.

Thereafter, the defendant, after giving due notice thereof to the attorney for the plaintiff, submitted a motion to set aside and vacate and annul the order made herein for the publication of summons, and the interlocutory and final decrees of divorce, upon the ground that the court never acquired or had jurisdiction to order the publication of the summons and, therefore, no legal authority to enter the interlocutory and final decrees herein. This motion, having been duly heard by the court, was denied.

Although the defendant has appealed from both the orders above mentioned, the points submitted for decision here may be effectually reviewed and decided on the appeal from the order denying the second motion above referred to, and we shall, therefore, confine ourselves in the consideration and decision of this cause to that order.

It is conceived proper to explain at this point that, on the nineteenth day of August, 1911, and prior to the time at which were instituted the proceedings culminating in the orders appealed from, the plaintiff, Antonio F. Lima, died. His widow, Annie S. Lima, to whom he was married on the day succeeding that upon which he was granted a final judgment for divorce from the defendant, and to whom, after said marriage, he conveyed by deed the property described in the complaint as having been the community property of himself and the defendant, petitioned the court below for permission to be represented in these proceedings by her attorneys, Messrs. Gehring & Wyman, setting out in her petition that, since she was not a party to this action, it was necessary that she should be so represented in order that her rights in the property described in the complaint be protected. The court allowed her petition and counsel appearing here as *amici curiae* are in fact representing the interests of the said Annie.

The specific point made by the defendant is that ''the order for publication of summons is void because there is no affidavit of merits and no showing by any verified paper on file, wherefrom it can be found that plaintiff had a cause of action against defendant.''

As stated in the opening brief of counsel for the defendant, the rule is well settled that substituted service of summons, being purely of statutory origin and in derogation of the common law, can be made effectual only by a substantially strict observance of the terms of the statute authorizing it. If, therefore, there has not been such a compliance with the statute, the service is void and the court fails to acquire jurisdiction of the person of the defendant and is for that reason without jurisdiction to render and enter judgment against him in the action in which such summons has been issued.

Section 412 of the Code of Civil Procedure is the source of the authority in this state for substituted service of summons or service thereof by publication. So much of said section as is pertinent to the inquiry submitted by this appeal reads as follows:

"Where the person on whom service is to be made resides out of the state; or has departed from the state; or cannot, after due diligence, be found within the state; or conceals himself to avoid the service of summons; . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof; and it also *appears by such affidavit, or by the verified complaint on file,* that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, . . . such court or judge may make an order that the service be made by the publication of the summons. . . ."

Thus it will be observed that one of the essential prerequisites to conferring upon the court the authority or jurisdiction to make an order for the publication of summons is a showing, either by a verified complaint that has been filed, or by an affidavit, that a cause of action exists against the defendant in respect to whom the service is to be made. It, of course, necessarily follows that in the absence of such a showing by either of the modes prescribed by said section an order for the publication of summons would be nugatory and, therefore, absolutely void. And, obviously, if the court was without jurisdiction to make the order for the publication of the summons, there was no legal publication and hence no service of summons, and, obviously, a judgment rendered and entered against the defendant on such a publication of summons would be *coram non judice* and consequently void *ab initio.*

The question here, then, is: Was it made to appear, by either of the two ways pointed out by section 412 of the Code of Civil Procedure, that a cause of action existed against the defendant?

The complaint confessedly states a cause of action for divorce upon the ground of adultery, but, as seen, it is unverified, and upon it, manifestly, the court would be without authority to make an order for the publication of the summons directed to the defendant. It remains to be seen, therefore, whether the affidavit filed by the plaintiff meets the requirement of the statute in the respect referred to and was, therefore, sufficient to clothe the court with the authority to make the order.

After alleging that a suit for divorce had been instituted by the plaintiff against the defendant by the filing of a complaint for that purpose in the superior court of Alameda County, that the defendant had, previously to the filing of said complaint, departed from the state of California and that her whereabouts were then unknown and could not after due diligence be ascertained, the affidavit proceeds: "I have fully and fairly stated the facts of this case to R. B. Tappan, whose office is at the northeast corner of Santa Clara Avenue, in the city of Alameda, in said county and state, who is my counsel; and I am by him informed and I verily believe that I have a good cause of action in this suit against the said defendant, as will fully appear by my complaint now on file herein, to which reference is hereby made and the said defendant, Isabel F. Lima, is a necessary and proper party defendant thereto, as I am advised by my said counsel, after such statement made as aforesaid, and as I verily believe."

It requires no argument to show that nowhere in said affidavit is it made to appear that a cause of action for divorce existed in favor of the plaintiff against the defendant. The complaint is not even made a part of the affidavit, assuming that such a course with respect to an unverified complaint would be sufficient to include the averments of said pleading as among the facts sworn to in the affidavit. Nor does plaintiff, in the affidavit, either expressly or upon information and belief declare that the facts alleged in the complaint are true. The statement that the plaintiff is advised by his counsel and that he "verily believes" that he has a good cause of action is only a conclusion of the affiant or his attorney, upon whose

advice in that regard he relies. "Such an averment is neither the statement of an ultimate fact, such as is required to be stated in a pleading, nor of a probative fact from which such ultimate fact may be deduced, nor a fact of any sort which in any way legally tends to prove such ultimate or probative fact, or from which it may be inferred. It is not the statement of a fact at all." (*Forbes* v. *Hyde,* 31 Cal. 342, 354; *County of Yolo* v. *Knight,* 70 Cal. 431, 435, [11 Pac. 662].) Nor does the mere fact that in the affidavit the plaintiff refers to the complaint on file measure up to the requirement of the statute that it must be made to *appear* by the affidavit (in the absence of a verified complaint showing the fact) that "a cause of action exists against the defendant in respect to whom the service is to be made," for such reference is to an unverified complaint, and to hold this to be sufficient would simply be to say that the essentially jurisdictional fact of the existence of a cause of action in favor of the plaintiff may be found by the court from ultimate facts not sworn to by the plaintiff or his attorney. Such a practice is clearly not contemplated by the statute and if sanctioned by the courts would render nugatory the requirement in question, a result following the exercise of a power wholly beyond that of judicial cognizance.

The code section is in clear and simple language and plainly means that the ultimate facts alleged in a verified complaint, if they state a cause of action, are sufficient to vest in the court the jurisdiction to make an order for the publication of a summons; but that, where the complaint is not verified and an affidavit is relied upon, the latter instrument must, within the real contemplation of said section, state *probative* facts from which the court may infer the fact of the existence of a cause of action in favor of the plaintiff. (*County of Yolo* v. *Knight,* 70 Cal. 431, [11 Pac. 662] ; *Columbus Screw Co.* v. *Warner Lock Co.,* 138 Cal. 446, [71 Pac. 498] ; *People* v. *Mulcahy,* 159 Cal. 34, [112 Pac. 853].) If, however, the averment of ultimate facts in an affidavit might rationally be held to be a compliance with the mandates of the statute, such facts, so stated, must, equally with the complaint, clearly disclose the statement of a cause of action in favor of the plaintiff.

But counsel for the plaintiff undertake to differentiate this case from the case of the *Columbus Screw Co.* v. *Warner Lock*

*Co.,* 138 Cal. 446, [71 Pac. 498], upon the proposition that in
the latter case the affidavit was by the attorney for the plain-
tiff, whereas, in the present case the affidavit is by the plain-
tiff himself.    There is no legal or logical ground for any such
distinction, and the court in the case referred to makes none
upon that ground.    There the attorney made the affidavit in
which he alleged facts sufficient to disclose that a cause of
action existed in favor of his client, but he completely de-
stroyed the force and effect of those allegations by asserting
in the affidavit "that the matters and things hereinbefore
alleged concerning the indebtedness of said defendant to
plaintiff *are stated upon information received by me from
said plaintiff."*    The court held the affidavit to be insufficient,
not because it was made by the attorney rather than by the
plaintiff, but upon the ground that it was wholly insufficient
as an affidavit such as is contemplated by section 412 of the
Code of Civil Procedure.    Of the affidavit in that case the
court has this to say : "The attorney does not pretend to know
the facts himself; he does not state what information he re-
ceived from plaintiff, but that the statements are made upon
information received from plaintiff.    It is substantially the
same as if the attorney had said, 'plaintiff has told me that
the defendant was indebted to plaintiff in the sum of $646.90
for goods sold and delivered by said plaintiff to said defend-
ant.'    If the plaintiff had relied upon the affidavit as a veri-
fied complaint, it would then clearly have been insufficient.
. . . The affidavit in this case does not state why it was not
made by plaintiff or some officer thereof.    (Code Civ. Proc.,
sec. 446.)    It does not state that the facts were within the
knowledge of affiant, but, on the contrary, shows that they
were not within his knowledge, and, even then, there is no
statement that he believed the 'matters and things' to be true.
When the statute uses the words 'appears by affidavit,' it
means more than an affidavit as to what some one told the
party making the affidavit.    There must be an oath to some
fact at least."    Thus it clearly appears that, as stated, the
court was dealing entirely with the question of the sufficiency
of the affidavit and not with the fact that the attorney in
place of his client had made the affidavit.    Parenthetically,
we may suggest that we are not to be understood, from any-
thing said in this opinion, as deciding the question whether
an attorney may, for and in behalf of his client, as may be

done under certain indicated circumstances in the verification of a pleading, make the affidavit mentioned in section 412 of the Code of Civil Procedure. That question is not before us here.

Another point sought to be maintained by the respondent is that the action has abated by reason of the death of the plaintiff since the rendition and entry of the final decree, and that there is, therefore, no power in the court to revive it for any reason or purpose. It is obviously true that the effect of the death of one of the parties to a divorce suit whose sole and only object is to sever the matrimonial bonds existing between them is to extinguish the action and the cause of action. It is also true in this state that the settlement of property rights between the parties is regarded merely as ''an incident of every decree for divorce where there is any property involved.'' (*Mott* v. *Mott,* 82 Cal. 413, [22 Pac. 1140, 1142] ; *Kirchner* v. *Dietrich,* 110 Cal. 502, 505, [42 Pac. 1064].) But it is equally true that when, in a divorce action, the property rights of the parties are adjusted and settled by the court, the legal result is that the decree adjudicates the question of such property rights as effectually and definitively as though such question were the paramount object of the action, and ''where some property right hinges upon the question, the past *status* of the parties may become the subject of judicial investigation.'' (*Lawrence* v. *Nelson,* 113 Iowa, 277, [57 L. R. A. 583, 85 N. W. 84], and cases cited in the last mentioned volume.) Or as the rule is stated in 1 Cyc., page 64: ''Where the consequences of the divorce are such as affect the property rights of the parties in the suit, the heirs or personal representatives may have such an interest in the litigation as that the cause will survive, not for the purpose of continuing the controversy touching the right of divorce itself, but for the ascertainment of whether the property has been rightfully diverted from its appropriate channel of devolution.''

Counsel for the respondent cite, as supporting their position in this case upon the question of the effect of the death of a party to a suit for divorce upon the action, the following California cases, viz.: *Kirschner* v. *Dietrich,* 110 Cal. 502, [42 Pac. 1064] ; *Begbie* v. *Begbie,* 128 Cal. 154, [49 L. R. A. 141, 60 Pac. 667] ; *Hite* v. *Mercantile Trust Co.,* 156 Cal. 765, 767-8, [106 Pac. 102.] We will not take the time to review those cases. It is enough to say that in none of them, except, per-

haps, in the case of Hite, etc., were the property rights of the parties made a subject of or an issue in the action and they were, therefore, not included in the adjudication, nor did it appear that the decree in any way affected such rights. As to the Hite case, there is nothing said therein in conflict with the rule laid down in Cyc. In that case, it may be proper to explain, the action was to vacate a decree of divorce and was instituted after the death of the defendant, the victorious party. The trial court found and adjudged in the divorce action that the plaintiff, prior to the filing of the suit, had, in consideration of a lump sum of money paid to her by her husband, the defendant in said action, subscribed to a written agreement with the latter by the terms of which she released all claims against her said husband and her present and future interest in the community property. The court in that case said: "If plaintiff could establish her *status* as his lawful wife, at the time of his death, she would be entitled to a widow's share in the community property. But the effect of the agreement aforesaid was to release and extinguish any right she then had in his property as his wife, and all she might thereafter have as his widow. As she has shown no right to have this agreement set aside or disregarded, it follows that she fails to show that the setting aside of the judgment would give her any right or interest in the property, the only remaining subject of the litigation." Clearly there is nothing in the quoted language, and much less is there in the other cases cited by counsel and above mentioned, which lends support to the view that the death of a party to a divorce action, after a decree therein has been entered whereby, besides dissolving the bonds of matrimony, the property rights of the parties have been adjudicated, will operate to abate the action so that it cannot be revived and reopened, if proceedings to that end be properly instituted, for the purpose of determining whether the court erred in its adjudication of such property rights.

Our conclusion is that the court was wholly without jurisdiction to make the order for the publication of the summons and that consequently, all the proceedings thereafter had in the cause and depending upon said order of publication were likewise beyond the jurisdiction of the court and void, and that, therefore, this is not a case where there is mere error of judgment but no defect of jurisdiction, as was true in the case

of *Dusy* v. *Helm,* 59 Cal. 188, cited by the respondent in support of that view. As stated, there is here an entire absence of a showing of a jurisdictional fact, or a fact without the existence and showing of which the court could not make a valid order for the publication of the summons, and that the proceedings in the case following the making of said order are affected with the same infirmity that destroys its vital force.

The orders appealed from are reversed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on January 18, 1915.

Henshaw, J., did not participate in the denial of the petition.

Angellotti, C. J., Sloss, J., and Lawlor, J., dissented from the order denying a hearing in the supreme court, and filed the following opinion thereon on January 19, 1915.

ANGELLOTTI, C. J.—I dissent from the refusal to grant a hearing in this court, after decision by the district court of appeal for the third district. If the decree of divorce was void for want of the jurisdictional prerequisites to an order for publication of summons, the defect is one that is apparent on the face of the judgment-roll, and the defendant's interests can be fully protected without any order setting the judgment aside. In any proceeding involving her *status* as a wife, or her property rights, she may assail such judgment collaterally, and successfully object to its use against her. Since the plaintiff in the action died before the making of these motions, there was no one upon whom the defendant could serve notice of motion to set aside the judgment. The trial court may no doubt upon its own motion set aside a judgment void on its face. If it had so acted here, and we were satisfied from an inspection of the judgment-roll that the judgment was void, the order made would not have been reversed on appeal. But this is a matter within the discretion of the court below. Its refusal to set aside the void judgment should not be reviewed, for the sufficient reason that the defendant is not aggrieved

by such refusal, her rights being, as above pointed out, already fully protected. All of this, of course, is on the assumption that the judgment is void, a question that in my view it is not necessary here to decide, and that should be left for decision in a case in which the parties interested may appear and be heard.

Of course, the alleged second wife of the original plaintiff, not being a party to this proceeding, is in no way bound by any disposition which may be made thereof. In a proper action to which she is a party, she may assert or defend her claim to the property involved absolutely regardless of such disposition. It may well be that in such an action as one to quiet title to this property, to which she and defendant are parties, it may develop that for some reason defendant is estopped to assert any claim to the property, or is barred by laches, notwithstanding that the judgment may be void on its face. No useful purpose is subserved by a reversal of the action of the trial court on these motions.

Sloss, J., and Lawlor, J., concurred.