## JUDITH JORDAN AND ANN H. JORDAN v. GIBLIN, KELLY, et al.

A judgment rendered against a party who is absent from the State, upon publication of the summons thirty days only, is void for the want of jurisdiction of the person of the defendant.

An affidavit which avers a cause of action against the defendant—that defendant cannot after due diligence be found in the State—that summons has been issued but Sheriff cannot find him—that defendant's residence is in the county where the summons issued, and that defendant still has a family residing in said county—is insufficient to authorize the Court to appoint an attorney to represent such absent defendant.

Where service is attempted in a mode different from the course of the common law, the statute must be strictly pursued to give jurisdiction.

APPEAL from the Fourth District, County of San Francisco.

This was an action to enjoin the sale of certain real estate in San Francisco. This sale was attempted to be made under two executions issuing from judgments rendered in the late Superior Court of the City of San Francisco, at the suit of the defendants, Giblin and Kelly.

The plaintiffs, one the wife, and the other the infant daughter of Michael Jordan, claimed the title to the property by virtue of two deeds of conveyance from Benj. F. Watkins, and others, to them and Michael Jordan, and also by deed from Michael to them.

The question which this Court has considered in its opinion is, as to the jurisdiction of the Superior Court over the person of the defendant, Michael Jordan, in the actions upon which the judgments were obtained, and under which the defendants sought to sell the property in question. The facts upon which those judgments were obtained, are as follows:

At the time of the institution of the suits, and for several days thereafter, the defendant was a resident of the City of San Francisco. Some days after the bringing of said actions, he left this State and has continued absent ever since, his family continuing to reside in San Francisco. No service of summons was had on him prior to his departure, nor was there any publication of the summons, except only in the case of Giblin, and that only for the period of thirty days. No

order was made directing a copy of the complaint and summons to be deposited in the post office, directed to said defendant at his place of residence, nor was any so sent; nor was an attorney appointed to defend the action; nor was there any appearance in said action on the part of the defendant.   In the case of Abrams v. Jordan et al., the following affidavit was made for the purpose of having an attorney to represent Jordan.

" Thomas Giblin, being duly sworn, says he is one of the plaintiffs above named.   That said plaintiffs have a cause of action against the said defendants, for the sum of six hundred and thirty-nine dollars, being balance due from said defendants to said plaintiffs, for work and labor performed, and materials furnished, by said plaintiffs for said defendants, in the building of some houses in the City of San Francisco.   *   *   *   That said defendant, Jordan, cannot, after due diligence, be found within the State of California.   That a summons has been issued against the said Jordan in said action, but the Sheriff of the County of San Francisco cannot find him.   That the residence of said Jordan is in the City of San Francisco, and he has still a family, consisting of a wife and children, there residing.

" Sworn to, etc.                                        THOS. GIBLIN."

Upon this affidavit an attorney was appointed for Jordan.

Plaintiffs had judgment in the Court below, and defendants appealed to this Court.

*F. M. & H. H. Haight* for Appellants.

*H. S. Love* for Respondents.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

This was an action to enjoin the sale of certain real estate in San Francisco.   This sale was attempted to be made under two executions issuing from judgments rendered in the late Superior Court of San Francisco, at the suit of appellants against Michael Jordan.   The property is claimed by respondents.

Two principal questions are made by the record.   *First.* That the

title of appellants is superior in law and equity to that of Jordan, the defendant in these executions.    *Second.*. That the appellants had no right to subject the property to sale, for the reason that the judgments are void for want of jurisdiction in the Court rendering them.

It is conceded, that if these judgments are out of the way, the title of the respondents is good, and that they have a right to intervene in this form to protect it.    We are inclined to think that the Court below was right in holding in favor of respondents on the first proposition ; but it is unnecessary, in our view, to pass definitely upon this point, inasmuch as we think the decree below should be affirmed on the second ground above stated.

The ground of the want of jurisdiction of the Superior Court is, that there was no personal or other sufficient service of notice of the actions in the cases of Giblin v. Jordan, and Abrams v. Jordan, in which cases these executions issued.

The facts connected with this point are these : At the time of the institution of this suit, and for several days afterwards, the defendant Jordan was a resident of San Francisco ; at the time of the affidavit for an order of service by publication, in the case of Giblin v. Jordan, he was beyond the limits of the State, and has not since returned. The statute requires that in cases where the party to be served is out of the State, publication must be made at least three months.    Prac. Act, sec. 31.

In the case of Abrams, the affidavit does not show a state of facts authorizing the appointment of attorney.    The record does not show that any summons had been issued and placed in the hands of the proper officer, or that any effort had been made to find the defendant in order that he might be personally served.    We have already held, in proceedings of this character, where service is attempted in modes different from the course of common law, that the statute must be strictly pursued to give jurisdiction.    A contrary course would encourage fraud and lead to oppression.

Judgment affirmed.