## JAMES M. BRALY *v.* VICTOR SEAMAN.

JURISDICTION BY PUBLICATION OF SUMMONS.—Before jurisdiction of a defendant can be acquired by publication of summons, it must appear by affidavit either that the defendant resides out of the State or has departed from the State, or cannot,

after due diligence, be found within the State, or that he conceals himself to avoid the service of summons; and in addition thereto, it must also appear by affidavit that a cause of action exists against the defendant, or that he is a necessary or proper party.

AFFIDAVIT TO OBTAIN PUBLICATION OF SUMMONS. — An affidavit to obtain an order for the publication of summons on the ground that the defendant cannot, after due diligence, be found within the State, which does not state whether the residence of the defendant is known, and does not show that the affiant does not know where the defendant may be found, is insufficient to authorize the publication of summons.

IDEM.—An affidavit in such case must state facts which show that due diligence to find the defendant has been used, and it must also appear therefrom that the diligence has not been rewarded with a discovery.

JURISDICTION OF DEFENDANT.—If the affidavit upon which an order for publication of summons is made is insufficient, the Court acquires no jurisdiction of the defendant, and the judgment is void.

TAX DEED.—A tax deed depends for its validity upon a lawful assessment.

ASSESSMENT OF REAL ESTATE FOR TAXES.—An assessment of real estate in which, for the value of the same, certain figures are written, with nothing in connection therewith to designate that they represent the quantity or sum of anything whatever, is void, and a tax deed based on the assessment is also void.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The following is a copy of the assessment roll for the year 1861–62, so far as it refers to the lot in dispute. Of like character were the assessments for the other years for which tax deeds had been given:

BLOCK NO. 128.    FISCAL YEAR 1861–62.

| REFERENCE BOOK. | LOT NO. | NAMES OF OWNERS OR CLAIMANTS. | DESCRIPTION OF PROPERTY. This property is assessed to the parties listed, and to all owners and claimants known or unknown, and to all owners and claimants of any interest, present or future therein, or any lien upon the same. | VALUE OF REAL ESTATE. |
|---|---|---|---|---|
|  | 14 | Lucas, Turner & Co. | 50 Vara Lot Number 513. | 1,275 |

| State Tax, 62 cts. | Corporation Debt Fund, 100 cts. | General Fund, 75 cts. | Street Light Fund, 15 cts. | School Fund, 35 cts. | Total Tax, $2 87. | Remarks. | Folio C. B. |
|---|---|---|---|---|---|---|---|
| 7 90 | 12 75 | 9 45 | 1 90 | 4 45 | 36 60 | Sold No. | 171 |

The following is the affidavit upon which the order for publication of summons was made :

CITY AND COUNTY OF SAN FRANCISCO, }
  State of California. } *ss.*

Victor Seaman being duly sworn, says, that he is the plaintiff named in said action, which is brought upon complaint, verified by the oath of this affiant, and filed herein August 9th, A. D. 1862.

That this action is brought by plaintiff to quiet the title to certain premises set forth in the complaint, of which he verily believes he is the owner in fee, and of which he has been in the quiet and actual possession and occupation, uninterruptedly, for the period of eight years last past, and has a good and meritorious cause of action against said defendants, all of whom (excepting Robert A. Parker, who has filed his disclaimer herein,) this affiant believes claim an interest, or interests, therein, adverse to the plaintiff. That summons has been duly issued in said action.

Affiant further says, that for the period of three or four years last past, continuously, he has made frequent inquiry for the defendants, Robert A. Curl and James D. Curl, of more than a dozen persons in this city and county, and also in Santa Clara County, by letters which he has written and caused to be written to A. L. Rhodes, Frederick Hall, and R. A. Redman, Esqs., attorneys at law, and Isaac Van Loan and others residing in Santa Clara County ; and also of not less than a dozen other persons, and of all persons whom the affiant thought likely to know them in this city and elsewhere, to ascertain where they might be found, but has been unable to find any one who has seen or heard positively from either of them for the past eight years.

That this affiant during the past three weeks has made a great deal of inquiry and research through this city and county of a great number of persons for information of Edward Priestley Rooney, but has been totally unable to hear anything of him or of his present residence.

That the defendant James H. Lucas, as he is informed by William Blanding, and by M. Hicks, his attorney in fact and nephew, resides and is now at the City of St. Louis, State of Missouri, out of the jurisdiction, and not within reach, of the process of this Court. Wherefore, this affiant, plaintiff, prays for the order of this honorable Court, that service be made of the summons herein upon said defendants, and each of them, by publication and other notice in the manner in like cases prescribed by law.

(Signed :)                    VICTOR SEAMAN.

Plaintiff recovered judgment, and defendant appealed.

The other facts are stated in the opinion of the Court.

*Joseph H. Moore,* for Appellant, argued that the Court should have overruled the objection of plaintiff to the judgment in the case of *Seaman* v. *Curl et al.,* of want of jurisdiction, because a party offering a final judgment to maintain a defense was not called upon to show jurisdiction in the Court rendering the same until the usual presumption of jurisdiction had been attacked; and cited *White* v. *Wentworth,* 3 Cal. 426; and *Nelson* v. *Lemon,* 10 Cal. 50. He also argued that an affidavit to procure an order for publication of summons was only required to state the substantial probative facts necessary to confer jurisdiction, and the Judge who made the order was authorized and required to decide whether or not sufficient facts were shown by it to confer jurisdiction, and if he decided affirmatively, the question became *res adjudicata;* and cited *Collins* v. *Ryan,* 32 Barb. S. C. 674; *Roche* v. *Ward,* 7 How. Pr. 416; *Townsley* v. *McDonald,* 32 Barb. S. C. 604; and *Ricketson* v. *Richardson,* 26 Cal. 149. As to the tax deeds, Mr. Moore argued that the assessment rolls showed such a designation of dollars and cents in the valuation as was recognized by mercantile usage in books of account, and that the Court would take judicial notice of this fact as it would of any other signs for those denominations of value which are usually employed and understood, and that at all events

the assessment was no worse than an assessment of land in which the description contained a false designation which would not mislead; and cited *Bosworth* v. *Danzien*, 25 Cal. 296; and *O'Grady* v. *Barnhisel*, 23 Cal. 287.

*William Matthews*, and *J. A. Moultrie*, for Respondent, argued that the assessment was void; and cited *Hurlburt* v. *Butenop*, 27 Cal. 57; and *Wood* v. *Freeman*, 1 Wallace, 398; and that the Court properly rejected the judgment roll, because the affidavit upon which the order for publication of summons was made, was evasive, and did not show that Curl's residence was unknown, nor that Curl could not be found.

By the Court, CURREY, C. J.:

Ejectment for the undivided half of Fifty Vara Lot Number Five Hundred and Thirteen in the City of San Francisco.

On the 12th of May, 1848, George Hyde was the owner of the lot mentioned, and on that day conveyed it to James D. Curl and John W. Jenkins. On the 26th of December, 1850, James D. Curl conveyed the undivided half of the same lot to Robert A. Curl, who afterwards, on the 6th of February, 1865, conveyed his estate and interest therein to the plaintiff. Since the 1st of August, 1862, Joseph H. Moore has been the owner of the other undivided half of the lot, and for some time prior to the commencement of this action the defendant was in actual and exclusive possession of the lot, as the tenant of Moore. Before commencing this action the plaintiff made a proper demand to be let into the possession of the premises as a tenant in common, which demand was refused by the defendant.

It appears from the transcript of the record that on the 8th of August, 1862, Victor Seaman, who is the defendant in this action, commenced a suit in the District Court of the Twelfth Judicial District, in and for the City and County of San Francisco, against the said Robert A. Curl and several other per-

sons, by filing a verified complaint, in which he alleged that he was then in the possession of the premises in controversy as owner thereof in fee, and that the defendants in such suit claimed some interest or interests in said premises adverse to him; and further alleged that the claim of such defendants was without any right whatever; and further, that they had no estate, right, title or interest in the premises or any part thereof; and, in conclusion, prayed that such defendants might be required to set forth the nature of their claims, and that all adverse claims of such defendants might be determined, and that it might be decreed they had no estate or interest in the premises and that they be forever barred from asserting any claim to the same adversely to the plaintiff in that suit. Robert A. Curl did not appear in the suit personally or by attorney; but it is claimed by the appellant that the Court obtained jurisdiction of his person by publication of the summons in accordance with the requirements of the statute. The Court, assuming such to be the fact, afterwards, in January, 1863, rendered a decree in the case adjudging and decreeing the pretended claim of Robert A. Curl, as well as that of other defendants, to the premises to be invalid and void; and further, that he had no estate, right or interest in the premises or in any part thereof; and also adjudging and decreeing the title of Seaman thereto to be good and valid; and further, decreeing that said Robert A. Curl be forever barred and enjoined from claiming or asserting any estate or interest of, in or to said premises or any part thereof adverse to the title of said Seaman.

It was agreed by the parties at the trial that said Moore owned all the interest which Robert A. Curl at any time had, provided the judgment obtained against him by Seaman was valid. When this judgment was offered in evidence the plaintiff objected to it on grounds challenging the jurisdiction of the Court by which it was rendered, over the person of Robert A. Curl, and the objection was sustained. The main question now to be considered is whether such judgment was *coram judice*, or *coram non judice* as to the defendant Robert A. Curl.

The order of the Court directing service of the summons in the suit of Seaman against Robert A. Curl and others, by publication first recites that, " On reading and filing the affidavit of Victor Seaman, the plaintiff in the said cause, and it appearing by said affidavit and by his complaint filed therein to quiet title to the premises therein described, that a cause of action exists against the several defendants above named, and it appearing that summons has been issued in said action ; and it further appearing by said affidavit to the satisfaction of the Court that the defendants, James D. Curl, Robert A. Curl and Edward Priestley Rooney, upon whom service of summons is to be made, cannot, after due diligence, be found within this State ;" and then orders the publication of the summons to be made in a certain newspaper at least once a week for not less than three months. The summons was published—that is, the first publication was made in the newspaper designated, on the 27th of August, 1862, and thereafter once a week until and including the 27th of November of the same year. On the 10th of January, 1863, the cause was referred, on motion of Seaman's attorney, to a referee " to take the proof and report a decree to the Court." On the 17th of the same month the referee made his report on which the Court five days thereafter rendered judgment in favor of Seaman against Robert A. Curl and others, in accordance with the prayer of the complaint.

The affidavit of Seaman, on which the order of publication of the summons was made, sets forth that the action in that case was brought by complaint duly verified, and that summons had been duly issued in said action. The statement of the object of the action is as follows : " This action is brought by the plaintiff to quiet the title to certain premises set forth in the complaint, and of which he verily believes he is the owner in fee, and of which he has been in the quiet possession and occupation uninterruptedly for the period of eight years last past, and has a good and meritorious cause of action against said defendants, all of whom (excepting Robert A. Parker, who has filed his disclaimer herein) this affiant believes claim

an interest or interests therein adverse to the plaintiff." To bring the case within one of the conditions specified by the statute providing for obtaining jurisdiction of the persons of the defendants Robert A. and James D. Curl, Seaman deposed that for the period of three or four years thence immediately preceding he had made frequent inquiries for such defendants of more than a dozen citizens of the City and County of San Francisco; and had made like inquiries by letter of four persons named, and others residing in the County of Santa Clara; "and also of not less than a dozen other persons, and of all persons whom the affiant thought likely to know them in the city and elsewhere, to ascertain where they might be found, but has been unable to find any one who has seen or heard positively from either of them for the past eight years."

## Service of summons by publication.

The mode of obtaining jurisdiction of a defendant by publication of summons is prescribed by the statute. It must appear by affidavit that he resides out of or has departed from the State; or cannot, after due diligence, be found within the State; or conceals himself to avoid the service of summons. The existence of one of these conditions is not enough. In addition thereto it must also appear by affidavit that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action. (Prac. Act, Sec. 30.) It is already settled that the statute providing the mode for acquiring jurisdiction of a defendant by the publication of summons, being in derogation of the course of the common law, must be strictly followed in order to give the Court jurisdiction over the person of the defendant. (*Ricketson* v. *Richardson*, 26 Cal. 152; *Jordan* v. *Giblin*, 12 Cal. 100.)

It does not appear from the affidavit whether the residence of Robert A. Curl was known to the appellant or not; nor does it show that he did not know where such defendant might be found. He states that he had made many inquiries

78

for Robert A. Curl. That he had inquired of all persons whom he thought likely to know him in the City of San Francisco or elsewhere to ascertain where he might be found, but had been unable to find any one who had seen him or had heard positively from him for the past eight years. The facts stated do not negative all information on the appellant's part as to where the defendant, Robert A. Curl, might have been found and personally served with the summons; nor does it show that he did not obtain from any one of whom he made inquiries, information of where Curl was; but he deposes that he had been unable to find any one who had seen him or heard from him positively for eight years. The affidavit was clearly insufficient in our judgment to authorize the publication of the summons. We are of the opinion the mode adopted for acquiring jurisdiction of the person of Robert A. Curl failed of its object, and that the judgment rendered and entered against him was *coram non judice* and void; from which it follows the Court below was right in rejecting the evidence of the judgment in the case of Seaman against Curl and others.

### *Void assessment for taxes.*

The judgment on which the defendant relied in his defense having been rejected, he next produced in evidence several tax deeds for different portions of the premises in controversy. Whatever title passed by these deeds the landlord of the defendant had acquired before this action was commenced. To the admissibility of these deeds in evidence the plaintiff objected on several grounds stated, and his objections being overruled he introduced in evidence a transcript of the assessment rolls of the City and County of San Francisco for the fiscal years mentioned in said deeds, for the delinquency in the payment of taxes upon the premises for which years portions thereof were sold. The object of this evidence was to show that the premises in question were not duly assessed in such years. From each assessment roll it appeared that the lot in question was listed in the names of Lucas, Turner &

Co., and in the column headed with the words, "Value of the real estate," were written certain Arabic numerals, with nothing in connection therewith to designate that they represented the quantity or sum of anything whatever. The assessment rolls do not show that any assessment of the premises was ever made, but the contrary, and therefore the tax deeds depending upon a lawful assessment for their validity were invalid and void. (*Hurlburt* v. *Butenop*, 27 Cal. 57 ; *Woods* v. *Freeman*, 1 Wallace, 398.) After this evidence was introduced the tax deeds were excluded by the Court, on the plaintiff's motion, which we hold to have been proper.

Upon the evidence before the Court the plaintiff was entitled to the judgment which he obtained.

Judgment affirmed.


By the Court, CURREY, C. J., on petition for rehearing :

A rehearing is sought in this case on the part of the defendant on the ground that in the determination of it heretofore this Court, as well as the Court below, overstepped the bounds of legitimate authority and held the judgment in form in favor of Seaman against James D. Curl, which the defendant offered in evidence on the trial, null and void, on the ground that the Court which rendered it had not jurisdiction over the person of James D. Curl; and, to maintain the position, counsel for the defendant have assumed that the affidavit on which the order of publication of summons was made tended to establish the facts essential to the existence of the power of the Court to make the order. Did the evidence thus furnished tend to prove all the facts necessary to invest the Court with power to make the order, is the only question to be considered. The facts which the plaintiff in the case of Seaman against Curl undertook by affidavit to establish were : *first*, that the defendant Curl could not with due diligence be found within the State ; and *second*, that a cause of action existed against him.

It must be admitted that the affidavit in such a case must,

not only show due diligence to find the defendant, but it must appear therefrom that the diligence used has not been rewarded with a discovery of the sought for defendant. The object of due diligence in searching for a defendant is supposed to be to find him ; and it is necessary to show by the affidavit that he cannot, after the exercise of due diligence, be found within the State. The statute requires this. Now let the affidavit of Seaman be tested by these statutory conditions precedent, and see whether it comes up to the measure required. He deposed that for the period of three or four years immediately before the making of his affidavit, he had made frequent inquiries for James D. Curl of all persons whom he thought likely to know him in San Francisco, or elsewhere, to ascertain where he might be found, but had been unable to find any one who had seen him or heard positively from him for the past eight years. By this it appears that Seaman had taken certain steps in the line of due diligence to find Curl, but it does not appear that his diligence had not been rewarded by information respecting where the person for whom he was in search was to be found. On the contrary, it appears, by implication, at least, that he had succeeded in the sought for discovery. This conclusion results from the closing part of the affidavit on the subject, to wit : " That he had been unable to find any one who had seen or heard positively from Curl for the past eight years." The qualifying word " positively," is of pernicious import for the position of the defendant herein, as it stands related to the subject. It is fairly to be inferred from the language employed, that though he may not have been able to find any one who had seen Curl, or " heard positively from him," yet that he had been informed by those of whom he inquired, or some of them, of where Curl was, or he may have ascertained by his inquiries or otherwise circumstantially, and to a moral certainty, where the defendant for whom he had searched was to be found. Further, the affidavit does not show that the plaintiff in that suit had not found some one who had heard, and recently heard, of and respecting Curl and the place of his residence ; nor does it show that Seaman himself

did not know where he was at that date. So that though the affidavit may at least tend to show due diligence to find the defendant, it does not appear therefrom that when it was made he was not informed of where such defendant was. In short, it does not show that after the exercise of due diligence the defendant could not be found within the State. This, upon the very conditions of the statute, it was necessary to show by affidavit, before the Court could acquire jurisdiction to make the order of publication of the summons.

In conclusion, we may refer those interested in the question to the opinion of the Court in the case of *Forbes* v. *Hyde*, reported in the 31st Cal., wherein the jurisdictional questions arising upon the thirtieth section of the Practice Act are fully and elaborately considered.

The petition for rehearing is denied.