GOLDSMITH, DEMANDANTE Y APELADO, *v.* VILLARI, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre incumplimiento de contrato.

No. 2033.—Resuelto en julio 31, 1919.

EMPLAZAMIENTO NULO — CITACIÓN POR PUBLICACIÓN DE EDICTOS — JURISDICCIÓN SOBRE EL·DEMANDADO—SENTENCIA NULA—MOCIÓN PARA ANULAR LA SENTENCIA.—Cuando la declaración jurada que exige el artículo 94 del Código de Enjuiciamiento Civil para que pueda verificarse la citación por medio de edictos no contiene hechos sino conclusiones de hecho, la corte no está en condiciones para ordenar la citación y si lo hace y los edictos se publican y el demandado no comparece y la corte dicta sentencia en su rebeldía, tal sentencia es nula por falta de jurisdicción, pudiendo obtenerse la decla-

ración de nulidad por medio de una moción presentada por el demandado
en el mismo pleito aun después de transcurrido más de un año, como sucede
en este caso.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Frank Antonsanti* y *O. B. Frazer.*

Abogado del apelado: *Sr. O. M. Wood.*

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

Ike Goldsmith, por medio de su abogado, O. M. Wood, estableció una demanda en la Corte de Distrito de San Juan, Sección Primera, contra A. Villari, sobre incumplimiento de contrato. En ella se solicitó una sentencia declarando roto cierto contrato de arrendamiento de la mitad del primer piso de la casa No. 33, sur, Plaza Principal, de la ciudad de San Juan, ordenando el pago de mil dólares por daños y perjuicios, el de ciento cuarenta por alquileres vencidos, y el de las costas, desembolsos y honorarios de abogado. La demanda no está jurada.

El 7 de julio de 1917 el demandante archivó la siguiente:

"MOCIÓN.—Ante la Honorable Corte comparece el demandante en esta causa representado por su abogado O. M. Wood, y como mejor en derecho fuera expone:

"*Primero.* Que la demandada no está dentro de los límites de la jurisdicción de esta corte, y según la mejor información del demandante ha salido de Puerto Rico.

"*Segundo.* Que el demandante tiene una buena causa de acción en contra de la demandada, y que ella es una parte necesaria a esta acción.

"*Tercero.* Que la demandada no tiene ningún representante dentro de la jurisdicción de esta corte.

"Por lo tanto, a la honorable corte suplica que se ordene la publicación de la citación en la manera debida para avisar a la demandada de esta acción.

"San Juan, P. R., julio 5, de 1917.—O. M. Wood.—Abogado del demandante.

"VERIFICACIÓN.—Yo, O. M. Wood, mayor de edad, abogado y vecino de San Juan, primeramente juramentado en debida forma

declaro: Que soy abogado del demandante.—Que ha leído la moción anterior y es la verdad de mi mismo conocimiento.—O. M. Wood.—Jurado y suscrito ante mí, en San Juan, hoy, siete de julio de 1917.—Domingo Rivera, Subsecretario, Corte Distrito.''

La corte accedió y la demandada fué citada por edictos que se publicaron en debida forma. Transcurrido el tiempo concedido a la demandada sin que compareciera, el demandante pidió al secretario que anotara su rebeldía. Así lo hizo el secretario. Entonces el demandante pidió y obtuvo que el pleito se incluyera en el calendario del próximo término y, el 30 de octubre de 1917, se llamó para juicio compareciendo sólo la parte demandante. La corte oyó las alegaciones y las pruebas y por el mérito de las mismas dictó sentencia declarando roto el contrato y condenando a la demandada a pagar al demandante la suma de $560, como indemnización de perjuicios, y las costas.

Así las cosas, el 1 de mayo de 1919 compareció la demandada y presentó una moción para que se declarara nulo todo lo actuado en el pleito por las siguientes ''razones'':

''*Primera*. La demanda en este caso fué presentada a la corte el ·día 31 de mayo de 1917, y de la mera lectura de esa demanda se desprende que la acción ejercitada es una puramente personal.

''*Segundo*. Que con esa misma fecha de mayo 31 de 1917, se libró por el secretario de la corte el *summons* o emplazamiento de la demandada, sin que aparezca a qué persona fué entregado.

''*Tercero*. Que con fecha julio 7 de 1917, figura en el récord una moción del demandante exponiendo que la demandada no reside en Puerto Rico y que se ordene la citación y emplazamiento de la demandada por edictos. La corte en cámara dictó una orden accediendo a lo pedido.

''*Cuarto*. Los edictos se publicaron en el *Boletín Mercantil*, y el día 15 de octubre de 1917, el secretario de la corte *ex oficio* hace constar en el récord la rebeldía de la demandada.

''*Quinto*. Se señaló el juicio y se celebró éste con la presencia solamente de la parte actora y sin que esta demandada haya intervenido en ninguna de las predichas actuaciones se pronunció y registró sentencia el día 30 de octubre de 1917.

''*Sexto*. Que el demandante en este pleito no solicitó ninguna

orden de esta corte al iniciar su demanda, sobre aseguramiento de sentencia, ni se practicó en forma alguna embargo sobre los bienes de esta demandada, habiéndose procedido a juicio en el presente caso sin haber adquirido jurisdicción esta corte sobre la persona de la demandada.''

El demandante se opuso por escrito. Se señaló día para la vista de la moción. Comparecieron ambas partes. No hubo pruebas. La corte desestimó la moción. La resolución de la corte, en parte, dice así:

''Debemos rectificar un error que contiene la moción, al decir que en la moción del demandante de fecha julio siete de mil novecientos diez y siete, se dijo que la demandada no residía en Puerto Rico. Realmente se dice que según la información del demandante la demandada ha salido de Puerto Rico.

''En realidad, tal como las alegaciones se presentan por una y otra parte, se haría imposible para la corte determinar la residencia de la demandada. Ni aun ella misma ha alegado en forma alguna que no sea residente de Puerto Rico.

''De forma que a esta altura, la corte no tiene ante sí más que la afirmación hecha en la demanda, de que A. Villari es vecina de San Juan, y por afirmación hecha en la moción, de que ella en esa época había salido de Puerto Rico.

''No hay nada que tienda a demostrar que A. Villari resida o sea vecina de cualquier punto fuera de la jurisdicción de esta corte.

''El haber salido de su residencia y vecindad, no significa que haya adquirido otra residencia y otra vecindad.

''La corte entiende, que dictada esta sentencia en el presente caso en fecha 30 de octubre de mil novecientos diez y siete, ha transcurrido más de un año sin que haya ido contra ella en forma alguna y hoy, en 1 de mayo de mil novecientos diez y nueve, no cree la corte que puede, por medio de una simple moción, anular o dejar sin efecto todo lo actuado en el caso.

''Ni el término ni la forma en que se pide esta nulidad, da a la corte jurisdicción o autoridad para decretarla. Esto fuera de que hasta ahora no aparece prueba alguna de que la demandada al iniciarse la demanda, y aun durante el transcurso del pleito, hubiera perdido su residencia y vecindad de San Juan, y estuviera ella bajo otra jurisdicción, que era la de esta corte.''

No conforme la parte demandada, interpuso el presente

recurso de apelación. El abogado que compareció ante esta Corte Suprema en defensa de los intereses de la demandada no es el mismo que lo hizo en la corte de distrito. En su alegato sostiene que la sentencia dictada es enteramente nula porque la corte de distrito jamás llegó a adquirir jurisdicción sobre la persona de la demandada, (*a*) porque la declaración jurada presentada como base de la solicitud para que la demandada fuera citada por edictos es deficiente, y (*b*) porque en la hipótesis de que existiera una base legal para ordenar la citación, ésta era nula por tratarse del ejercicio de una acción meramente personal.

El primer aspecto de la cuestión no fué suscitado en la corte inferior. Se presenta por primera vez en esta Corte Suprema y levanta una cuestión que ha sido objeto de amplio estudio en los tribunales del continente.

No se trata aquí de una moción presentada dentro del término en que se dictó la sentencia cuya nulidad se pide. Tampoco de una solicitud hecha dentro del plazo de un año fijado por el artículo 140 del Código de Enjuiciamiento Civil. No se alega fraude. Se trata de un procedimiento iniciado por moción en solicitud de que se declare nula una sentencia en rebeldía dictada bajo la base de una citación hecha por edictos, por no haber adquirido jurisdicción la corte sobre la persona del demandado.

Ruling Case Law, dice:

"Una moción para anular una sentencia constituye un ataque directo y no colateral, pero las reglas por las cuales ha de regirse son unas veces las aplicables a ataques directos y otras las aplicables a ataques colaterales." 15 R. C. L. 717.

Y luego expresa:

"Un ataque directo contra una sentencia es una tentativa para enmendarla, corregirla, reformarla, anularla, o prohibir su ejecución en un procedimiento establecido al efecto. En general cualquier método estatutorio que tenga por objeto el evadir o corregir una sentencia es un ataque directo, y se ha resuelto generalmente que una moción para abrir o anular una sentencia es un ataque directo a la

misma, aunque algunos autores sostienen que tal moción, a menos
que se haga dentro del término o durante el tiempo especificado en
un estatuto que la autorice, debe estar sostenida sólo por el récord,
y, por tanto, debe ser considerada como un ataque colateral más
bien que directo.'' 15 R. C. L. 839.

En los ''American State Reports'', 23 A. S. R. 104, hay
una nota muy interesante al caso de *Morril* v. *Morril,* 20
Oregon 96, que debe consultarse para un completo estudio
de la materia.

La ley de Puerto Rico sobre la materia (véase el artículo
94 del Código de Enjuiciamiento Civil), es igual a la de Ca-
lifornia, y la parte apelante invoca en su favor las decisiones
de *Forbes* v. *Hyde,* 31 Cal. 342, y *Braly* v. *Seaman,* 30
Cal. 611.

En el primero de dichos casos, la Corte Suprema, dice:

''La sección 30 dispone que 'cuando la persona que ha de ser
notificada resida fuera del Estado,   *   *   *   y este hecho aparezca
mediante *affidavit* a satisfacción de la corte o de un juez de la misma,
*   *   *   tal corte o juez puede dictar una orden al efecto de que
la notificación se haga mediante publicación de edictos.' *El hecho
debe aparecer mediante affidavit antes que exista jurisdicción para
dictar la orden.* Es decir, debe existir un *affidavit* conteniendo la
manifestación de un hecho que sea evidencia legal y que tenga una
tendencia perceptible a demostrar el hecho de la jurisdicción, para
que el juez pueda actuar sobre él, antes que tenga jurisdicción al-
guna para dictar la orden. A menos que el *affidavit* contenga tal
clase de evidencia, tendente a establecer todos los hechos materia-
les relativos a la jurisdicción, el juez no tiene poder legal para que-
dar satisfecho, y si dicta la orden actúa sin jurisdicción, siendo nu-
los todos los procedimientoss que de ella dimanen.'' (Página 351.)

''El estatuto provee que, 'cuando la persona que ha dé ser no-
tificada resida fuera del Estado,   *   *   *   y éste hecho aparezca
mediante *affidavit,*   *   *   *   y aparezca asimismo que existe una
causa de acción contra el demandado que ha de ser notificado, o que
es parte necesaria y adecuada en el pleito, tal corte o juez puede dictar
una orden', etc. La existencia de una causa de acción, etc., es, pues,
también un hecho relativo a la jurisdicción que debe aparecer '*asi-*

*mismo'—es decir, mediante affidavit.* El estatuto claramente establece la causa de acción, al igual que la no residencia, como un hecho jurisdiccional, y no podemos ignorar ni uno ni otro. Si este hecho no aparece del *affidavit* en que se basó la orden para la publicación, entonces hubo falta de jurisdicción y la orden y la publicación son nulas. La única manifestación contenida en los *affidavits* es la siguiente: 'El declarante además dice que es un abogado y que reside en esta ciudad, y que tiene una buena causa de acción en este pleito contra el dicho demandado, y que éste es necesaria y propiamente una parte demandada en el mismo, según su firme creencia.' ¿Qué 'hecho aparece mediante *affidavit*' en este caso? Simplemente que el declarante cree que tiene una buena causa de acción en este pleito contra el demandado, y cree que Harris es necesaria y propiamente una parte demandada. Pero tal aseveración ni constituye la manifestación de un hecho definitivo como se exige en toda alegación, ni de un hecho probatorio del cual pueda deducirse tal hecho definitivo, ni un hecho de clase alguna que en forma alguna tienda legalmente a probar tal hecho definitivo o probatorio o del cual pueda éste inferirse. No es realmente la manifestación de un hecho. Es meramente la manifestación de una opinión del declarante con respecto a un punto sobre el cual el juez habrá de formar su propio juicio basándose en hechos que deberán aparecer mediante *affidavit.* El juez puede tener absoluta confianza en la habilidad del declarante como abogado, y en su opinión respecto a una materia de derecho, y el declarante puede estar igualmente capacitado para determinar el punto; pero la ley no permite al juez actuar sobre tal confianza o capacidad. Los hechos son debidamente la única materia propia a tener expresión en los *affidavits* que se hagan bajo las disposiciones del estatuto relativo a las notificaciones como base de la acción judicial. La expresión general por el declarante de una opinión o creencia, sin los hechos en que se basa, no es en sentido alguno evidencia legal, y no tiende en ningún alcance a probar los hechos relativos a la jurisdicción sin los cuales el juez no tenía facultad para dictar la orden." (Págs. 353 y 354.) 31 Cal. 342.

Y en el segundo establece la siguiente jurisprudencia:

"Un *affidavit* para obtener una orden para la citación por medio de edictos bajo la base de que el demandado no puede, después de la debida diligencia, ser encontrado dentro del estado, que no

expresa si la residencia del demandado es conocida, y no muestra que el que jura no sabe donde el demandado puede ser encontrado, es insuficiente para autorizar la publicación.

"Un *affidavit* en tal caso debe narrar hechos que demuestren que se ha empleado la debida diligencia y debe aparecer de él también que eso no obstante el demandado no ha podido encontrarse.

"Si el *affidavit* bajo el cual se expide una orden de citación es insuficiente, la corte no adquiere jurisdicción sobre el demandado, y la sentencia es nula." *Braly* v. *Seaman,* 30 Cal. 611.

La autoridad de los casos citados, fué destruída por la misma corte algún tiempo después, así:

"Tenemos presente que los casos de *Braly* v. *Seaman,* 30 Cal. 610, y *Forbes* v. *Hyde,* 31 *id.* 342, fueron considerados por nosotros bajo la teoría de que el *affidavit* del demandante o de otra persona en beneficio suyo, y la orden de la corte, constituían parte del récord o legajo de la sentencia, y podían por tanto ser consultados si se planteaba una cuestión de jurisdicción. Al así asumirlo—pues el punto ni fué suscitado ni resuelto—incurrimos en error. En ambos casos los abogados asumieron y por tanto admitieron, que esos documentos eran parte del legajo de la sentencia. Donde los abogados, eminentes por sus conocimientos y habilidad, de ese modo convienen sobre un punto regulado por el estatuto, no puede esperarse que esta corte investigue extensamente la materia, y dado lo múltiple de sus trabajos, puede bien perdonársele que no lo haga. Es el deber de los abogados levantar cuestiones, y de la corte el decidirlas. Si el punto ahora determinado habría de afectar el resultado de cualquiera de esos casos, es ahora muy tarde y por consiguiente inútil, investigarlo. Será bastante decir que ninguno de ellos es autoridad sobre la materia, pues en ellos ni se levantó ni se decidió la cuestión." *Hahn* v. *Kelly,* 94 Am. Dec. 748, 34 Cal. 391.

Sin embargo, la Corte Suprema de los Estados Unidos a su vez destruyó la autoridad del caso de *Hahn* v. *Kelly* en el de *Galpin* v. *Page,* 3 Saw. 93. Recomendamos la lectura íntegra de la nota al caso de *Hahn* v. *Kelly* publicada en las páginas 762 a 770 del tomo 94 de las "American Decisions". A continuación transcribimos la parte de dicha nota que creemos necesaria a los fines de esta opinión. Dice el

autor refiriéndose a la opinión de la Corte Suprema de los Estados Unidos en el caso de *Galpin* v. *Page,* escrita por el Juez Field:

"Luego procedió a considerar la proposición planteada en el caso principal, al efecto de que el récord que puede ser considerado cuando se ataca colateralmente la sentencia de una corte de jurisdicción general, dictada contra una persona fuera de los límites territoriales de la corte, bajo notificación constructiva mediante publicación, consiste sólo de los documentos y procedimientos que componen lo que se designa en el código de enjuiciamiento con el nombre de legajo de la sentencia; y que no es necesario que contenga el *affidavit* de la parte y la orden de la corte, sin los cuales no puede hacerse la notificación constructiva por publicación de edictos. Mediante un examen cuidadoso de las disposiciones del estatuto relativo a la prueba de la notificación por publicación, llegó a la conclusión de que se había incurrido en error en *Hahn* v. *Kelly,* al dar a la disposición que determina la prueba que el funcionario o persona que hace la notificación personal, o el impresor que publica los edictos, han de suministrar de sus actos, el significado de una declaración de que no era necesaria ninguna otra prueba de la notificación. Transcribió de la opinión del Juez Sanderson, para demostrar que parecía que la corte había creído que la decisión en el caso principal dejó el legajo de la sentencia como un documento defectuoso e imperfecto, y añadió: 'por las razones que hemos expuesto, no admitimos que el estatuto sancione tal récord imperfecto; pero, por el contrario, estamos seguros de que, bien interpretado, exije que se incorpore prueba completa de los hechos relativos a la jurisdicción en el legajo de la sentencia. Sin embargo, si estamos en un error, y la orden que constituye el fundamento y única autorización para la publicación no forma parte de tal legajo, o si no estando en un error, tenemos que aceptar como correcta la interpretación dada al estatuto por la corte del estado, entonces la investigación de la jurisdicción de la corte no puede limitarse a un ataque colateral dirigido a lo contenido en el legajo. Lo restante del récord de los procedimientos tendría igual autoridad y veracidad, y podría igualmente invocarse.' Señaló el hecho de que el récord en derecho común que llevaba consigo absoluta veracidad, era una historia de todos los actos y procedimientos de la acción, y dijo: 'Un récord que expresamente comprende sólo una parte de tales actos y procedimientos, no puede

merecer el mismo crédito implícito, y no puede igualmente cerrar las puertas a un ataque colateral. El uso de la misma palabra para designar una distinta colección de actos y procedimientos no puede, desde luego, darle el mismo valor.' Y sostuvo que cuando la notificación constructiva por publicación está autorizada por el estatuto en lugar de la citación personal, debe seguirse estrictamente el estatuto; que esta regla no ha sido negada por ninguna corte de estado, y que había sido repetidamente enunciada del modo más enfático por la corte suprema de California, y citó los casos de *Jordan* v. *Giblin,* 12 Cal. 100; *Ricketson* v. *Richardson,* 26 *id.* 149; *Forbes* v. *Hyde,* 31 *id.* 342. Sobre este punto el ilustrado jues dijo: 'Ahora bien, si la regla en el caso de *Hahn* v. *Kelly* es correcta, tendremos el siguiente singular resultado: que mientras el estatuto debe ser seguido estrictamente antes que pueda adquirirse jurisdicción sobre la persona, una parte contra la que se dicta sentencia está impedida de examinar los procedimientos, de los cuales únicamente puede saberse si el estatuto ha sido seguido. En otras palabras, la corte dice que la corte no adquiere jurisdicción alguna si los requisitos del estatuto no se siguen, pero que el récord de los procedimientos habidos será siempre un libro cerrado.' Y para finalizar sobre este punto, dijo: 'Del examen que hemos así podido hacer del caso de *Hahn* v. *Kelly,* no encontramos en él razones suficientes para desviarnos de las antiguas y bien establecidas reglas anteriormente reconocidas en la corte suprema del estado, la observancia de las cuales, según cada día estamos más convencidos, es esencial para la protección de los derechos de todos los ciudadanos, ya sean residentes o no residentes del estado.' '' 94 Am. Dec. 767, 768.

Examinado, a la luz de la anterior jurisprudencia, el *affidavit* presentado en este caso que dejamos transcrito en los comienzos de esta opinión y que fué la única base que tuvo la corte para ordenar que la demandada fuera citada por edictos, ya que la demanda no estaba jurada, es necesario concluir que la corte actuó sin jurisdicción y que la sentencia que dictó luego es enteramente nula. El *affidavit* no contiene hechos, sino conclusiones, lo que es contrario a la ley y a la jurisprudencia.

Decidida de tal modo la primera cuestión levantada, puede prescindirse del estudio y decisión de la segunda.

Debe revocarse la resolución recurrida y en su lugar dic-

tarse otra declarando nula la sentencia en rebeldía pronunciada en contra de la demandada el 30 de octubre de 1917.

> *Revocada la resolución recurrida, y dictada*
> *otra declarando que la sentencia en rebeldía*
> *pronunciada contra la demandada es nula*
> *por haberlo sido sin que la corte obtuviera*
> *jurisdicción sobre la persona de dicha de-*
> *mandada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.