ADALINA y FRANK O'SHEAF, peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ANGEL ACOSTA QUINTERO, JUEZ, demandado.

No. 538.—*Visto:* Diciembre 6, 1926 y Noviembre 21, 1927.
*Resuelto:* Mayo 31, 1928.

*Arjona & Arjona,* abogados de los peticionarios. La parte demandada no compareció.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Ante la Corte de Distrito de Ponce se radicó una moción para que se anulara una sentencia por falta de jurisdicción, moción que fué declarada sin lugar. Ahora se trata, mediante recurso de *certiorari,* de anular dicha sentencia. Según se alegó en la demanda radicada en dicha corte de distrito, María Criado, asistida de su esposo, constituyó hipoteca a favor de Alaida O'Sheaf y Colón por la suma de $2,000, más $500 para intereses y costas. Alaida O'Sheaf falleció el primero de diciembre de 1919 y sus hermanos y hermanas fueron declarados sus herederos en unión a una sobrina, en representación de la madre de ella. Se entabló un pleito con el fin de cancelar la hipoteca, que según se alegaba había sido pagada, y solicitando indemnización por concepto de daños y perjuicios. En la demanda se mencionaban cinco personas como herederas, pero aparentemente sólo tres de ellas fueron demandadas en el pleito. Dos de las personas demandadas, según demuestran los autos, comparecieron y excepcionaron la demanda por conducto de su abogado. Surgió la cuestión de si dicho abogado representaba a la demandada, peticionaria en este recurso, Adalina O'Sheaf, al interponer excepción previa. Aparentemente en una ocasión dicho abogado radicó un documento haciendo constar que él no representaba a Adalina O'Sheaf, pero el 17 de agosto

de 1925 presentó una moción de conformidad con el artículo 140 del Código de Enjuiciamiento Civil, de la cual aparecía claramente que dicho abogado al radicar la excepción previa representaba a Adalina O'Sheaf. La excepción original fué abandonada, especialmente en lo que a Adalina O'Sheaf se refería. Ella nunca radicó contestación alguna a la demanda.

Ahora bien, aunque se le anotó su rebeldía, fundada en la teoría de que se le había citado por edictos y no por citación personal, sin embargo, es evidente que ella compareció personalmente. El 20 de marzo de 1925 la corte dictó sentencia contra varios demandados, lo que fué hecho después de haberse anotado la rebeldía contra Adalina y contra otro de los demandados. En la sentencia se decía que la rebeldía contra Adalina se había anotado después de haber sido emplazada mediante la publicación de edictos. No obstante, se celebró una vista y es de presumirse que se hizo el debido señalamiento del caso. Por tanto, la sentencia dictada contra ella, de ser solidaria, es *res adjudicata*. En parte el objeto de esta relación preliminar es demostrar que Adalina O' Sheaf no tenía personalidad (*standing*) ante esta corte para atacar la sentencia y la jurisdicción de la Corte de Distrito de Ponce con motivo del supuesto defecto fatal del edicto.

■ Sin embargo, es claro que Frank O'Sheaf, el otro peticionario, no estuvo sometido a la jurisdicción de la Corte de Distrito de Ponce a causa de cualquier comparecencia, ya fuere personal o en cualquier otra forma o por edictos. Convenimos con el peticionario en que si el edicto era insuficiente, la corte, al tiempo de dictar sentencia, no adquirió jurisdicción sobre él. *Goldsmith* v. *Villari,* 27 D.P.R. 794. Ese caso, con las citas hechas en él, es también autoridad para sostener que cuando de la faz de una sentencia aparece que es nula, ésta puede ser atacada en cualquier tiempo. El artículo 94 del Código de Enjuiciamiento Civil, Compilación de los Estatutos Revisados, sección 5078, dispone:

."Cuando la persona que deba ser citada resida fuera de la isla,

o se hubiere ausentado de ella, o si después de la debida diligencia no pudiere ser encontrada en la isla, o se ocultare para que no pueda hacérsele la citación, cuando se ignorare su domicilio o si fuere una corporación extranjera sin gerente o agente comercial, cajero o secretario en la isla, y así resultare comprobado a satisfacción de la corte o del juez de la misma por medio de declaración jurada y apareciese también de dicha declaración, o de la demanda jurada presentada, que existe motivo de acción contra el demandado que ha de ser citado, o que dicho demandado es parte necesaria o legítima en el pleito, la corte o el juez puede dictar una orden disponiendo que la citación se haga por la publicación de edictos.''

La declaración jurada para que se publiquen los edictos en este caso dice así:

''Yo, Alfredo Schmidt, juro solemnemente: que soy uno de los demandantes en el presente caso; que he entablado ante la Honorable Corte de Distrito del Distrito Judicial de Ponce, en unión de mi esposa María Criado, una demanda contra Alfredo, Frank y Adalina O'Sheaf en cobro de dinero; que he hecho a mi abogado una relación fiel y exacta de los hechos en que fundaré mi defensa y que a juicio de dicho letrado me asiste una buena y suficiente defensa; que me consta de propio conocimiento que los demandados Frank y Adalina O'Sheaf residen fuera de Puerto Rico, en la República de Méjico, ignorándose cuál es su residencia en aquel país.''

(fdo.)  Alfredo Schmidt.

''Jurado y suscrito ante mí por Don Alfredo Schmidt, mayor de edad, casado, propietario y vecino de Villalba, a quien doy fe de conocer personalmente en Ponce, P. R., a 29 de enero de 1924.

(fdo.)  F. Godoy,
Sub Sec.''

Al igual que en el caso de *Goldsmith* v. *Villari, supra,* la demanda en este caso no está jurada, de suerte que ésta en nada puede beneficiar ni a los edictos ni a los demandantes. La declaración jurada es el único sostén de la sentencia dictada contra Frank O'Sheaf. Convenimos con el peticionario en que una declaración jurada de esta naturaleza debe ser interpretada estrictamente. *Galpin* v. *Page,* 18 Wall. 350, 369. Sin embargo, no convenimos con él en que de los

autos deba aparecer que la corte se mostrara satisfecha con la declaración jurada. Después que la corte dicta resolución ordenando se publiquen los edictos, ésta sería la presunción si la declaración jurada en realidad estaba redactada en debida forma.

Sin embargo, la declaración jurada es fatalmente defectuosa al no exponer los hechos de los cuales la corte podía inferir que los demandantes tenían una buena causa de acción. *Forbes* v. *Hyde,* 31 Cal. 342; *Goldsmith* v. *Villari, supra; Galpin* v. *Page, supra; Bachyach Garage* v. *Hotchkiss & Co.,* 34 P. I. 508; 21 R.C.L. 1294; 32 Cyc. 475, *et seq.* También se ha resuelto que ni la opinión de ninguno de los abogados ni de la parte podría ser utilizada por un demandante para alegar que existía una buena causa de acción. *Forbes* v. *Hyde, supra.*

El caso de *Forbes* v. *Hyde, supra,* fué citado con aprobación en el de *Goldsmith* v. *Villari, supra.* En la declaración jurada que antecede no se exponen hechos demostrativos de una buena causa de acción. La declaración jurada era insuficiente para dar a la corte jurisdicción sobre la persona de Frank O'Sheaf.

No es éste un caso en que la discreción de la corte está envuelta y donde pueda concederse mayor liberalidad en la interpretación de declaraciones juradas. *Martínez* v. *Sánchez,* 33 D.P.R. 839, sino que la declaración jurada es una condición precedente para que la corte adquiera jurisdicción.

■ Además, Frank O'Sheaf no ha comparecido en este caso a no ser para atacar la jurisdicción de la corte. Tal comparecencia, o como quiera que se le llame, es considerada como una comparecencia especial. *Aparicio* v. *H. C. Christianson & Co.,* 23 D.P.R. 493.

■ Inquiriremos ahora qué efecto tiene el declarar nula y sin valor alguno la sentencia dictada contra Frank O'Sheaf. En ella hubo un pronunciamiento general por la suma de mil dólares de indemnización por concepto de daños y per-

juicios contra los demandados. Este pronunciamiento es enteramente nulo contra Frank O'Sheaf.

Respecto a la sentencia de la corte ordenando la cancelación de la hipoteca, no estamos tan seguros. La corte adquirió jurisdicción contra Alfredo y Adalina O'Sheaf, y aparente o posiblemente contra la sobrina, en vista de que el abogado que representaba originalmente a Adalina O' Sheaf así lo manifestó en una de sus declaraciones juradas. El efecto de anular la sentencia contra Frank O'Sheaf no fué discutido ante esta corte ni ante la corte inferior y nos sentimos obligados a dejar sin resolver la cuestión.

La sentencia por daños y perjuicios contra Alfredo y Adalina O'Sheaf debe prevalecer, sujeta tal vez a la duda de si lo era mancomunada o solidaria o solamente mancomunada. *En tanto en cuanto la sentencia de la Corte de Distrito dependa de haber obtenido jurisdicción contra Frank O'Sheaf, debe ser anulada y* devolverse los autos a la Corte de Distrito de Ponce para ulteriores procedimientos no inconsistentes con esta opinión.

El Juez Asociado Sr. Texidor no intervino.