830

Eduardo y Juan Danis Navarro, peticionarios, v. Corte Municipal del Distrito Judicial Municipal de San Juan, P. R., Sección Segunda, Hon. Francisco del Valle, Jr., Juez, recurrida y apelada; y Comunidad Religiosa Católica de Reverendas Madres Carmelitas, interventora y apelada.

Núm. 8123.—*Sometido:* Diciembre 4, 1940. *Resuelto:* Diciembre 23, 1940.

*Dubón & Ochoteco,* abogados de los apelantes; *José Benet,* abogado de la interventora, demandante en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La Corte Municipal de San Juan, Sección Segunda, dictó sentencia en rebeldía contra los aquí peticionarios en una acción personal en cobro de réditos de un censo. Después de notificada la sentencia por medio de edictos, los peticionarios

en un escrito de comparecencia especial solicitaron de dicha corte municipal, sin someterse a su jurisdicción, que se anulase la sentencia contra ellos dictada por el fundamento de que el *affidavit* que presentaron las demandantes para obtener la orden de publicación de edictos era insuficiente y porque el embargo trabado, necesario para conferir jurisdicción a dicha corte, era también nulo toda vez que la demanda original no aducía hechos constitutivos de causa de acción.

Desestimada la moción de los demandados, ahora peticionarios, recurrieron éstos a la Corte de Distrito de San Juan en solicitud de un auto de *certiorari* que luego de expedido fué anulado. Contra la resolución de la corte de distrito anulando el auto de certiorari, se estableció el presente recurso.

El artículo 94 del Código de Enjuiciamiento Civil en lo pertinente prescribe:

"Artículo 94.—Cuando la persona que deba ser citada resida fuera de la Isla, o se hubiese ausentado de ella, o si *después de la debida diligencia* no pudiere ser encontrada en la Isla, o se ocultare para que no pueda hacérsele la citación, cuando se ignorare su domicilio.....y así resultare comprobado a *satisfacción de la corte o del juez de la misma* por medio de declaración jurada y apareciese también de dicha declaración o de la demanda jurada presentada, que existe motivo de acción contra el demandado que ha de ser citado, o que dicho demandado es parte necesaria o legítima en el pleito, la corte o el juez puede dictar una orden disponiendo que la citación se haga por la publicación de edictos." (Bastardillas nuestras.)

El citado artículo ha sido interpretado por este tribunal en los casos de *Goldsmith* v. *Villari,* 27 D.P.R. 794, y *Vázquez* v. *Corte Municipal,* 52 D.P.R. 257, citados por los peticionarios. En el primero de ellos se sostuvo que el affidavit a que se refiere el artículo 94 debe contener hechos y no conclusiones, y en el segundo volvió a sostenerse que para que pueda ordenarse la citación por edictos es preciso que se cumpla estrictamente con las prescripciones del citado ar-

tículo y que la declaración jurada que a ese efecto se presente debe exponer los hechos que satisfagan a la corte de su jurisdicción para ordenar la citación por edictos, no bastando una expresión general de información o creencia de que tales hechos existen.

 ¿Contiene la declaración jurada que presentaron los demandantes al juez de la corte municipal los requisitos jurisdiccionales para que éste pudiese dictar la orden de citación por edictos? La declaración es breve y para la mejor inteligencia de las cuestiones a discutir, la transcribimos a continuación:

"Isla de Puerto Rico

"Ciudad de San Juan, P. R.

} ss.

"Yo, José Benet, bajo juramento expongo:

"Que soy el abogado de la demandante en este caso y la demanda fué radicada en esta corte el día 29 de diciembre del año 1938.

"Que librado el emplazamiento éste ha sido devuelto por el Márshal de este Distrito sin haberse podido emplazar personalmente a los demandados por las razones expuestas en su diligenciamiento, o sea que no ha podido encontrarlos.

*"Que los demandados, según información, y creencia del declarante, tenían su residencia en Santander, España, en años anteriores y mediante investigaciones practicadas por el declarante en la ciudad de San Juan nos consta que dichos demandados no tienen parientes en esta Isla, y se desconoce su paradero actual.*

"Que esta moción la jura el abogado de la demandante por el motivo de que esta demandante es una Comunidad Religiosa enclaustrada cuyas reglas canónicas no les permite salir del recinto de su convento y no han podido enterarse de los pormenores alegados, y por el motivo además de que al declarante le constan todos estos hechos mejor que a la demandante; que el declarante cree de buena fe y afirma que la demandante tiene una buena y meritoria causa de acción en contra de dichos demandados y porque dichos demandados son una parte propia y necesaria en esta acción. (Fdo.) José Benet, Abogado de la demandante.

"Suscrito y jurado ante mí por el Lcdo. José Benet, mayor de edad, casado, de profesión abogado y vecino del Municipio de San

Juan, a quien personalmente conozco en San Juan, P. R., hoy día 14 de marzo de 1939. (Fdo.) T. Rovira, Secretario.'' (Bastardillas nuestras.)

█ El hecho de que según información y creencia del declarante los demandados en años anteriores hubieren tenido su residencia en Santander, España, no tiende a demostrar que en la fecha en que se juró la declaración no residiesen ellos en Puerto Rico. Tampoco arroja luz alguna el hecho de que los demandados no tengan parientes en esta Isla, a no ser para justificar por qué no se hicieron investigaciones cerca de dichos parientes para averiguar el paradero de aquéllos.

█ No basta, asimismo, exponer que se desconoce el paradero actual de los demandados, pues la ley, como hemos visto, exige que se hagan las diligencias correspondientes para que como resultado de ellas quede satisfecho el juez de la existencia de los hechos justificativos de la orden de citación por edictos. En el caso de *Goldsmith* v. *Villari,* supra, el affidavit que se presentó para la expedición de la orden de citación por edictos, al referirse al paradero del demandado decía, ''que la demandada no está dentro de los límites de la jurisdicción de la corte y según la mejor información del demandante, ha salido de Puerto Rico''. Como podrá verse, esa manifestación es sustancialmente igual a la que se hace en el affidavit en el caso de autos, y en el referido caso de *Goldsmith* este tribunal anuló la sentencia en rebeldía fundándose en que el affidavit no exponía hechos sino meras conclusiones, lo cual estimó contrario a la ley y a la jurisprudencia. Es verdad que en el caso de *Goldsmith* la demanda no había sido jurada como en el presente caso, pero esa circunstancia podrá suplir el defecto del affidavit en cuanto no expone los hechos necesarios para que el juez llegue por sí mismo al convencimiento de que los demandantes tienen una buena causa de acción; pero en manera alguna subsana el defecto de la declaración en lo que respecta al

paradero de los demandados pues nada se dice en la demanda sobre ese particular.

En el caso de autos el deponente debió haber expresado en qué consistían las investigaciones que dijo haber hecho para determinar el paradero de los demandados. De los autos resulta que los demandados tenían un apoderado en la ciudad de San Juan, circunstancia ésta que no ignoraban las demandantes ya que trataron de emplazar a los demandados a través de dicho apoderado, a pesar de que su abogado manifestó que él sabía que tal citación no tenía efecto legal alguno. ¿Por qué no trató de investigar con ese apoderado el paradero de los demandados? Probablemente nadie hubiera estado en mejores condiciones que aquél para conocer el paradero de sus mandantes. Si los demandados no tenían parientes en Puerto Rico como se asegura en la declaración jurada, ¿por qué no trató de investigarse con sus amigos o relacionados? Hechos de esta índole son los que deben aparecer en el affidavit para que el juez pueda por sí mismo llegar a la conclusión de que en realidad se han hecho las diligencias necesarias para determinar el paradero del demandado, pues no es a satisfacción de la parte demandante si que a la del juez que ha de expedir la orden, que deben probarse los hechos jurisdiccionales para dictarla.

Si la demandante en su affidavit hubiera expresado de manera positiva que los demandados residían en determinado sitio fuera de Puerto Rico, en tal caso, no hubiera sido necesario expresar las diligencias practicadas para encontrarlos en Puerto Rico, pues la ley, descansando como descansa en sanos principios de lógica, no requiere cosas inútiles, ya que inútil hubiera sido hacer diligencias para encontrarlos en Puerto Rico cuando se sabía positivamente que se hallaban fuera de esta jurisdicción. En el caso de autos, como hemos visto, la declaración jurada no expresa de manera positiva que los demandados residieran fuera de esta isla en la fecha en que se juró la declaración.

Para un estudio más amplio de esta materia, véanse la monografía en 37 L. R. A. (N. S.) 206, y casos citados; *Jacob* v. *Roberts,* 223 U. S. 261, interpretativo de un estatuto de California igual al nuestro; y 21 R. C. L. 1294, 1295.

Dada la conclusión a que llegamos respecto a la insuficiencia del affidavit para conferir jurisdicción al juez municipal para dictar la orden de citación por edictos, no es preciso que entremos a considerar la validez del embargo.

Por lo expuesto, procede declarar con lugar el recurso, *revocar la resolución apelada de la corte de distrito, y en su consecuencia dictar la resolución que debió haber dictado la corte de distrito, anulando, por falta de jurisdicción sobre los demandados, la que en rebeldía y con fecha 29 de junio de 1939 dictó la Corte Municipal de San Juan, Sección Segunda, en el caso seguido por la Comunidad Religiosa Católica de Reverendas Madres Carmelitas Calzadas, Inc., de San Juan, Puerto Rico, contra Eduardo y Juan Danis Navarro, Civil núm. 3239 de dicha corte, sobre cobro de réditos de censo.*